David E. **GANTNER** and Sandra L. Gantner, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Appellee.

David E. **GANTNER** and Sandra L. Gantner, Appellees,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Appellant.

Nos. 89–1952, 89–1953.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1990.

Decided June 12, 1990.

Mark Arth, St. Paul, Minn., for appellant.

John A. Dudeck, Jr., Washington, D.C., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and BOGUE,* Senior District Judge.

WOLLMAN, Circuit Judge.

This case is before us on cross appeals by David E. and Sandra L. Gantner and the Commissioner of Internal Revenue (Commissioner). The Commissioner appeals the Tax Court's decision allowing the Gantners to deduct the loss from the sale of stock options on their joint federal income tax return. The Gantners appeal the Tax Court's rulings that: (1) denied deductions and tax credits for computer equipment; (2) assessed interest for underpayment of taxes; and (3) denied litigation costs.[1] We affirm.

---

* The HONORABLE ANDREW W. BOGUE, United States Senior District Judge for the District of South Dakota, sitting by designation.

1. The Tax Court's opinions are reported in *Gantner v. Commissioner*, 91 T.C. 713 (1988), and *Gantner v. Commissioner*, 92 T.C. 192 (1989).

## I. APPEAL BY COMMISSIONER

During 1980, David E. Gantner[2] purchased and sold options for stock, although he neither acquired nor sold the underlying shares of stock. Gantner was not a licensed broker, but purchased and sold stock options through a brokerage firm. On November 20 and December 2, 1980, he bought a total of 100 options to purchase stock of Tandy Corporation for $90,399.70. Each option entitled him to purchase 100 shares of Tandy at $100 per share and each option was to expire in January 1981. On December 3, 1980, Gantner sold the options for $51,490, thus incurring a loss of $38,-909.70. Also on December 3, 1980, he purchased an additional 100 options.

Gantner deducted a loss of $38,909.70 on his 1980 income tax return. Following an audit, the Commissioner disallowed the loss based on section 1091 of the Internal Revenue Code, the "wash sale" provision, as in effect during 1980. *See* 26 U.S.C. § 1091 (1954).[3] Based on that adjustment, the Commissioner asserted a deficiency in the Gantners' joint income tax for 1980. Upon review, the Tax Court held in favor of the Gantners, finding that section 1091 does not preclude deductions for loss from the sale of options. The Commissioner appeals.

The Commissioner contends that the Gantners' options to purchase stock are "securities" for purposes of the wash sale provision of section 1091 and therefore the Gantners' loss should not be allowed. 26 U.S.C. § 1091(a) disallows deductions of losses from wash sales of stock or securities

> [i]n the case of any loss claimed to have been sustained from any sale or other disposition of *shares of stock or securities* where it appears that, within a period beginning 30 days before the date of such sale * * * and ending 30 days after such date, the taxpayer has acquired

* * * or has *entered into a contract or option so to acquire,* substantially identical stock or securities[.]

(Emphasis added.) The Commissioner asserts that tax law and securities law generally define the term "securities" to include options or rights to purchase stock.

We review the Tax Court's conclusions of law *de novo. Mangels v. United States,* 828 F.2d 1324, 1326 (8th Cir. 1987). The Tax Court held that the plain meaning of section 1091(a) is that an option to acquire stock is not equivalent to "stock or securities" and that a loss sustained from a sale of stock options is not a loss within the plain meaning of section 1091.

Section 1091 does not define what constitutes a "security" for purposes of section 1091. Neither the Commissioner nor the Gantners cite case law determining whether an option is a security under section 1091.

The reacquisition event in section 1091 requires the taxpayer to have "acquired * * * or ha[ve] entered into a contract or option so to acquire," substantially identical stock or securities. This phrase, through the use of the connecting word "or" indicates that a contract or option to purchase stock is not the same as an acquisition of stock. We hold that an option to purchase stock is not a "share" of a "stock or security" under the plain language of section 1091. We therefore need not look to the legislative history or to definitions of "security" found elsewhere in tax law and securities law. The Tax Court's decision allowing the Gantners to deduct losses from the sale of stock options under section 1091[4] is affirmed.

## II. APPEAL BY GANTNERS

### Computer Expenses

The Gantners appeal the Tax Court's ruling denying deductions and tax credits for computer equipment.

---

**2.** Sandra L. Gantner is a party principally because she filed a joint income tax return with her husband for the taxable years in issue.

**3.** The Internal Revenue Code of 1954 has since been renamed the Internal Revenue Code of 1986.

**4.** Section 1091 has been amended to include the sentence: "For purposes of this section, the term 'stock or securities' shall, except as provided in regulations, include contracts or options to acquire or sell stock or securities." The amendment is prospective and inapplicable to the present case.

In addition to his involvement in the stock market, David E. Gantner was president and a shareholder of North Star Driving School, Inc. during 1980 and 1981. North Star was in the business of selling driving lessons. Gantner and Lee B. Whited each owned fifty percent of the stock of North Star and were equally compensated.

Beginning in 1979, Gantner purchased computer equipment and software. All but one of the computers were used at North Star, which made no rental payments to Gantner for use of the computers. There was no written agreement between Gantner and Whited concerning the computers. The Gantners claimed deductions and investment credits for the computer items on their amended 1980 and their 1981 tax returns. The Commissioner disallowed all the deductions and credits. The Tax Court allowed only five percent of the deductions and credits, finding that ninety-five percent of the computer expenses were connected with the business of North Star. The court also found that the expenses were not incurred by Gantner as ordinary and necessary expenses of his trade or business as an employee of North Star but were contributions to the capital of North Star made by him in his capacity as a fifty-percent owner.

On appeal, Gantner asserts that he purchased the computers pursuant to an oral agreement between North Star and the officers that obliged him to purchase his own equipment for his position at North Star. The Gantners rely on *Lockwood v. Commissioner*, 29 T.C.M. (CCH) 618 (1970), to support their contention that they should be able to claim the computer expenses on their individual tax returns. In *Lockwood*, the court found that the taxpayer was required to incur expenses on behalf of the corporation without expectation for reimbursement and that his expenses were deductible as ordinary and necessary expenses of serving as an officer of his trade or business. In *Lockwood*, however, the taxpayer was not a shareholder of the corporation, as Ganter is of North Star.

■ A corporation is treated as a separate entity from its shareholders for tax purposes. *Moline Properties, Inc. v. Commissioner*, 319 U.S. 436, 438–39, 63 S.Ct. 1132, 1133–34, 87 L.Ed. 1499 (1943). A shareholder is not entitled to a deduction from his individual income for payment of corporate expenses. *Deputy v. du Pont*, 308 U.S. 488, 494, 60 S.Ct. 363, 366, 84 L.Ed. 416 (1940). A shareholder cannot convert a business expense of his corporation into a business expense of his own simply by agreeing to bear such an expense, *Harding v. Commissioner*, 29 T.C.M. (CCH) 789 (1970), or by failing to seek reimbursement. *Podems v. Commissioner*, 24 T.C. 21 (1955).

■ Gantner did not meet his burden of proving that he was required to purchase the computer. The purchase of computer items cannot be converted into a personal business expense simply by agreeing with officers of North Star that they should be so treated or by failing to seek reimbursement. Since Gantner was a shareholder of North Star and therefore had a corresponding interest in the success of the corporation, we consider his expenditures for computer equipment to be contributions to the capital of North Star. Accordingly, we affirm the Tax Court's decision denying Gantner deductions and tax credits for computer expenses.

### Interest

■ The Gantners next assert that the Tax Court erroneously imposed an increased interest rate for substantial underpayment of taxes attributable to tax motivated transactions.

The Tax Court found, and the Gantners do not dispute, that they incurred an income tax deficiency for 1980 by making gold commodity futures tax straddle transactions that were tax motivated. *See* 26 U.S.C. § 6621(c). Part of that liability remained unpaid as of December 31, 1984. Under 26 U.S.C. § 6621(c), interest accrues at a rate twenty percent higher than the normal rate for deficiencies from tax motivated transactions not paid by December 31, 1984.

The Gantners seek to be excused from paying the interest because an Internal Revenue agent to whom they had sub-

mitted an amended 1980 tax return in September 1983 failed to file the return. In March 1984, the Commissioner notified the Gantners that the amended 1980 return had not been filed. Thereafter, they submitted a copy of their amended 1980 return directly with the Internal Revenue Service in June 1984. The Tax Court held that "any act of the revenue agent in filing or not filing" the Gantners' amended 1980 return would have "no effect on the accrual of interest." *Gantner v. Commissioner*, 91 T.C. 713, 732 (1988).

We agree with the Tax Court that because the Gantners did not pay the total underpayment attributable to the gold straddles on or before December 31, 1984, they are liable for increased interest pursuant to section 6621(c).

### Litigation Costs

■ The Gantners also appeal the Tax Court's decision denying them litigation costs. Having prevailed on the issue of the sale of options, the Gantners asked the Tax Court to award them litigation costs under 26 U.S.C. § 7430. To recover litigation costs under section 7430, Gantner must show, *inter alia*, that "the position of the United States in the proceeding was not substantially justified." *See* 26 U.S.C. § 7430. The court denied their motion, finding that the Commissioner's underlying position in the litigation, although not accepted by the court, was "substantially justified." *Gantner v. Commissioner*, 92 T.C. 192, 198 (1989).

We agree that the Commissioner's position in this litigation—asserting that options are securities for purposes of section 1091—although ultimately rejected by the Tax Court and this court, had a reasonable basis in law and was therefore substantially justified. We therefore affirm the Tax Court's denial of litigation costs to the Gantners.

### CONCLUSION

The Tax Court's decision is affirmed.