JOHANNA MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 15785-91
United States Tax Court
T.C. Memo 1993-55; 1993 Tax Ct. Memo LEXIS 57; 65 T.C.M. (CCH) 1912; February 18, 1993, Filed *57 Decision will be entered for respondent. Johanna Miller, pro se. For Respondent: John Altman. PATE
PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] It was submitted for our decision fully stipulated. Respondent determined a deficiency in petitioner's 1988 Federal income taxes of $ 1,051. The sole issue raised by respondent is whether petitioner may deduct, on her individual income tax return, the amortized cost of a noncompetition clause included in her agreement to purchase corporate stock. Petitioner resided in Seattle, Washington, at the time she filed her petition. Johanna Miller (hereinafter petitioner) worked as general manager for Williams Heating Oil & Services, Inc. (hereinafter Williams Heating Oil or the corporation), a corporation *58 wholly owned by Mr. Donald Issacs. On October 12, 1984, petitioner entered into an Agreement for Sale of Stock (hereinafter the agreement) with Mr. Issacs, wherein she agreed to purchase all of the outstanding stock of Williams Heating Oil for $ 105,000. The agreement contained a noncompetition clause which provided as follows: During the pendency of this contract, and for a period of five (5) years thereafter, Issacs agrees not to purchase or otherwise become an owner of or in an ownership position in any corporation in direct competition with Williams Heating Oil & Services, Inc.
Petitioner and Mr. Issacs allocated $ 35,000 of the purchase price to the noncompetition noncompetitiona clause, an amount the parties agree reflects its fair market value. Petitioner amortized this cost over a 5-year period, deducting $ 7,000 of amortization as a miscellaneous itemized deduction on her 1988 income tax return. She contends that she is entitled to the deduction because it is allowable either as an ordinary and necessary business expense under section 162(a), or as an expense incurred to protect her investment under section 212. Respondent maintains that the amortization of *59 the noncompetition clause is a corporate expense and, therefore, petitioner is not entitled to deduct it on her individual income tax return. Generally, to be deductible as a business expense, an expenditure must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 162(a); sec. 1.162-1(a), Income Tax Regs. Therefore, only the taxpayer carrying on the business for which the expenditure is made is entitled to the deduction. Deputy v. du Pont, 308 U.S. 488, 494 (1940); It is also well established that a corporation and its shareholders are separate taxable entities. Moline Properties, Inc. v. Commissioner, 319 U.S. 436 (1943). Therefore, a corporate taxpayer may only deduct expenses paid or incurred in its business. Conversely, a shareholder is not entitled to deduct expenses directly related to the corporation's business even if he pays such expenses from personal funds without being reimbursed by the corporation. Leamy v. Commissioner, 85 T.C. 798, 809 (1985); Rand v. Commissioner, 35 T.C. 956 (1961). These expenditures *60 generally are treated as capital contributions or loans from the shareholder to the corporation and are amortizable or deductible, if at all, only by the corporation. Gantner v. Commissioner, 91 T.C. 713, 725-727 (1988), affd. 905 F.2d 241 (8th Cir. 1990). Respondent relies on Markwardt v. Commissioner, 64 T.C. 989 (1975), to support his position that petitioner is not entitled to amortize the noncompetition clause because such agreement directly benefits Williams Heating Oil and, therefore, is amortizable only by the corporation. In that case, the taxpayer purchased 100 percent of the stock of a corporation, and he allocated a portion to the seller's oral agreement not to compete with the corporation. Thereafter, the corporation deducted the amortization thereof. However, when the seller breached his agreement not to compete, the taxpayer deducted the cost of the covenant as a loss on his individual income tax return. Respondent disallowed the loss claimed on the taxpayer's individual income tax return on the grounds that the loss was sustained by the corporation. Id. This Court upheld *61 respondent's determination, reasoning that: The petitioner spent money to acquire the * * * [corporation's] business, and he claims that part of that money was spent to acquire a covenant not to compete. However, the primary beneficiary of any such covenant would have been * * * [the corporation]. If any loss was sustained when * * * [the covenant was breached], it was the business of * * * [the corporation] that suffered directly from such competition. The only effect on the petitioner was as a shareholder * * *. For these reasons, we find that the primary beneficiary of any covenant was * * * [the corporation] and that accordingly any loss resulting from the breach of the covenant was sustained by * * * [the corporation]. Any amount of the purchase price allocable to the acquisition of a covenant not to compete was in effect a contribution by the petitioner to the capital of * * * [the corporation] and any such amount was an additional cost of acquiring his stock in * * * [the corporation]. [Id. at 995-996; citations omitted.]
Included in the agreement petitioner negotiated to purchase Mr. Issacs' stock was a noncompetition clause in *62 which Mr. Issacs agreed not to compete with Williams Heating Oil. It is self-evident that Williams Heating Oil is the primary beneficiary of this covenant because it enhances the corporation's profitability. Petitioner argues, however, that the noncompetition clause also secured her employment with Williams Heating Oil and, therefore, is deductible by her as a business expense. In general, we have found that a taxpayer's employment constitutes her trade or business and, as a result, expenses directly related to the employee's job are deductible by the employee under section 162. See, e.g., Cremona v. Commissioner, 58 T.C. 219, 222 (1972); Campana v. Commissioner, T.C. Memo. 1990-395. Admittedly, the noncompetition clause in the agreement not only secured petitioner's employment but, if successful, could have led to an increase in her wages. However, petitioner would realize these benefits in her employment only if Williams Heating Oil became more profitable as a result of the noncompetition clause. In other words, improvement in Williams Heating Oil's profits would be the direct and primary benefit of the noncompetition *63 clause. Petitioner would benefit only if Williams Heating Oil's profitability was enhanced. Because the direct and primary benefit of the noncompetition clause accrued to Williams Heating Oil, only it may deduct the amortization thereof. Finally, petitioner argues that the amortization is deductible by her (under section 212) in her capacity as a shareholder. This section allows a deduction for expenses which bear a reasonable and proximate relation to the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. Sec. 1.212-1(d), Income Tax Regs. To be deductible, the expense must be ordinary and necessary, reasonable in amount, personal to the taxpayer, and proximately related to the nonbusiness, income-producing activity of the taxpayer. Hewett v. Commissioner, 47 T.C. 483, 488 (1967). We have already found that the noncompetition clause was directly related to and in furtherance of Williams Heating Oil's profitability and, therefore, an expense of the corporation and not of petitioner. For these same reasons, we find that the noncompetition clause was not an ordinary *64 and necessary expense personal to petitioner nor was it proximately related to petitioner's nonbusiness, income-producing activity. It was in effect a contribution by petitioner to the capital of the corporation. Id. at 488-490. Accordingly, we hold that petitioner is not entitled to a deduction for its amortization under section 212. Rand v. Commissioner, 35 T.C. at 961. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩