FEDERICO AND MALGOZATA CAMILO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Camilo v. Commissioner
Docket No. 26818-90
United States Tax Court
T.C. Memo 1993-249; 1993 Tax Ct. Memo LEXIS 252; 65 T.C.M. (CCH) 2874; June 3, 1993, Filed *252 An order will be issued denying respondent's motion for sanctions and decision will be entered for respondent. Federico Camilo, pro se. [1]
For respondent: Diane Thaler. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [2] Respondent determined a deficiency of $ 3,653 in petitioners' Federal income tax for 1988. The issues presented for our decision with respect to petitioners' 1988 Federal income taxes are: (1) Whether petitioners are entitled to claim three members of petitioner wife's family as dependents; (2) whether petitioners are entitled to deduct unreimbursed employee business *253 expenses in the amount of $ 2,837; (3) whether petitioners are entitled to deduct on Schedule C of their 1988 individual income tax return expenses of petitioner husband's corporation in the amount of $ 5,767; and (4) whether sanctions should be imposed pursuant to section 6673. Some of the facts have been stipulated and are so found. Petitioners resided in New York, New York, when they filed the petition in this case. Respondent's determinations as to petitioners' tax liability are presumed correct, and petitioners have the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). For convenience and clarity, additional findings of fact and the applicable law are discussed together with respect to each issue. 1. Dependency Exemptions
In the statutory notice of deficiency respondent disallowed three of the exemptions claimed by petitioners on their 1988 income tax return. The disallowed exemptions were for petitioner wife's mother, father, and brother. Petitioner wife's mother, father, and brother are Polish citizens and were in the United States on visas which allowed each of them to stay in the United States *254 for a period of 6 months. Section 151(a) and (c) allows a taxpayer, subject to certain requirements, a deduction for a personal exemption for each of the taxpayer's dependents as defined in section 152. A mother, father, or brother of a taxpayer over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, is provided by the taxpayer qualifies as a dependent. Sec. 152(a)(3) and (4). However, pursuant to section 152(b)(3), an individual (other than a child of the taxpayer) who is not a citizen or national of the United States is excluded from the definition of the term "dependent" unless the individual is a resident of the United States or of a country contiguous to the United States. Section 1.871-2(b), Income Tax Regs., contains guidelines for determining the residence of alien individuals, and these guidelines have been used by this Court in determining whether a person is a resident of the United States within the meaning of section 152(b)(3). See Toor v. Commissioner, T.C. Memo. 1977-399. Pursuant to section 1.871-2(b), Income Tax Regs., An alien whose stay in the United States is limited to a definite *255 period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances.
Furthermore, section 1.871-4, Income Tax Regs., sets forth rules of evidence governing the determination of an alien's residence: (a) Rules of evidence. The following rules of evidence shall govern in determining whether or not an alien within the United States has acquired residence therein for purposes of the income tax. (b) Nonresidence Presumed. An alien by reason of his alienage, is presumed to be a nonresident alien. (c) Presumption rebutted -- * * * (2) Other aliens. In the case of other aliens, the presumption as to the alien's nonresidence may be overcome by proof- (i) That the alien has filed a declaration of his intention to become a citizen of the United States under the naturalization laws; or (ii) That the alien has filed Form 1078 or its equivalent; or (iii) Of acts and statements of the alien showing a definite intention to acquire residence in the United States or showing that his stay in the United States has been of such an extended nature as to constitute him a resident.
Petitioner *256 wife's mother, father, and brother had visas which only allowed them to stay in the United States for a period of 6 months each. Petitioners did not present any evidence of exceptional circumstances that would permit a finding that the claimed dependents were residents of the United States in 1988. Furthermore, under the evidentiary presumption of the above-quoted regulation, the claimed dependents are presumed to have been nonresidents because of their alienage. There is no evidence that any of the claimed dependents filed a declaration of intention to become a naturalized citizen or a Form 1078, either of which, under section 1.871-4(c)(2)(i) and (ii), Income Tax Regs., would have sufficed to rebut the presumption. The claimed dependents' 6-month stay in this country was not so extended as to constitute residency. Accordingly, petitioners are not entitled to the disputed dependency exemptions, and respondent is sustained on this issue. 2. Unreimbursed Employee Business Expenses
Petitioners presented no evidence on this issue, so respondent's determination disallowing expenses in the amount of $ 2,837 is sustained. 3. Schedule C Expenses
Petitioners deducted *257 expenses on Schedule C which were related to petitioner husband's incorporated business, Nuevo Estilo Limited (Nuevo). Petitioner husband paid for the incorporation of Nuevo and was the only person who contributed money to Nuevo. Nuevo was in the business of graphic design and magazine design. The purpose of Nuevo was to produce a brochure or magazine as a Hispanic supplement to the New York Times. The evidence of the expenses claimed on Schedule C all relates to the production of the magazine. On Schedule D of their 1988 individual income tax return, petitioners claimed a capital loss in the amount of $ 8,900 due to the magazine. A 1988 corporate income tax return was not filed for Nuevo. Pursuant to section 162, a deduction is allowed for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Petitioners have not presented any evidence of business expenses that they personally paid during 1988. They have only provided evidence of expenses paid by Nuevo. "In order to be deductible, business expenses generally must be the expenses of the taxpayer claiming the deduction." Gantner v. Commissioner, 91 T.C. 713, 725 (1988), *258 affd. 905 F.2d 241 (8th Cir. 1990); Hewett v. Commissioner, 47 T.C. 483, 488 (1967). For tax purposes, a corporation is treated as a separate entity from its shareholders. Moline Properties Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943). Furthermore, a shareholder is not entitled to a deduction from his individual income for his payment of corporate expenses, Deputy v. DuPont, 308 U.S. 488, 494 (1940); Gantner v. Commissioner, supra.Shareholders cannot deduct as personal expenses those expenses that further the business of the corporation. Leamy v. Commissioner, 85 T.C. 798, 809 (1985). All the expenses that petitioners have substantiated represent expenses paid by the corporation in furtherance of the corporation's trade or business. Since these expenses were expenses of the corporation and not petitioners, respondent's disallowance of the expenses is sustained. We also note that respondent allowed a capital loss claimed by petitioners on Schedule D which was due to petitioners' investment *259 in the magazine venture and the loss of that investment through the production costs of the magazine. The record in this case indicates that the claimed Schedule C expenses were a duplication of the loss also claimed on Schedule D. 4. Sanctions Under Section 6673(a)(1) and (2)
Respondent filed a motion for sanctions pursuant to section 6673(a)(1) and (2). Under the circumstances of this case, we decline to impose sanctions. See Hence v. Commissioner, T.C. Memo. 1992-671; cf. Harper v. Commissioner, 99 T.C. 533 (1992). An order will be issued denying respondent's motion for sanctions and decision will be entered for respondent. Footnotes
1. Petitioners' counsel at the time of trial was Herbert G. Feinson, who has been suspended from practice before this Court.↩
2. All section references are to the Internal Revenue Code in effect for the tax year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩