T.C. Memo. 1997-66


UNITED STATES TAX COURT


DONALD S. HAZELTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24786-95.                    Filed February 4, 1997.


<u>James E. Merritt</u>, for petitioner.

<u>Laurel M. Robinson</u>, for respondent.



MEMORANDUM OPINION


        DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge D. Irvin Couvillion pursuant to section 7443A(b)(4)and

Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

COUVILLION, Special Trial Judge:  This case is before the Court on petitioner's motion for administrative and litigation costs[2] pursuant to section 7430 and Rule 231.

Respondent determined a deficiency of $8,214 in petitioner's Federal income tax for 1992, an addition to tax under section 6651(a)(1) of $1,965.75, and an addition to tax under section 6654(a) of $341.21.  After the case was calendared for trial, but prior to trial, the parties filed a stipulation of settled issues that disposed of all adjustments in the notice of deficiency. The parties agreed that there was an overpayment in tax for 1992, and respondent conceded that no additions to tax were due for that year.  Petitioner thereafter filed the motion for administrative and litigation costs, and respondent, pursuant to this Court's order, filed an objection to petitioner's motion. Neither party requested a hearing, and the Court concludes that a

---

[1]     Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]     Although petitioner's motion is styled "Motion for Award of Reasonable Litigation Costs", the substance of the motion evidences an intent to move for administrative costs as well as litigation costs.  The Court, therefore, considers the motion accordingly.

hearing is not necessary for the proper disposition of this motion. Rule 232(a)(3).

## Background

During the year at issue, petitioner was married and had one son. His primary occupation during this year was painting, as an independent contractor. In early 1992, petitioner was awarded a contract to reconstruct the canopy area and paint the hallways for Seton Medical Center in Daly City, California. For reasons not fully delineated to the Court, petitioner's financial and family situations deteriorated during 1992. In September 1992, petitioner's wife left him and their son and moved in with her mother. Shortly thereafter, petitioner and his son were evicted from their apartment. In addition, petitioner's truck, which he used in his painting business, was repossessed.

As a result of these circumstances, petitioner failed to keep track of his financial records and, apparently, lost those records he had accumulated prior to his eviction. Petitioner developed severe problems with alcohol and drugs and was once beaten and shot by a group of drug addicts. He required hospitalization as a result of this beating and subsequently attempted suicide.

In April 1993, circumstances began to turn around for petitioner. He applied for, and received from the San Francisco County Department of Social Services, homeless aid for temporary

shelter and immediate need assistance for food. Also during this month, petitioner (along with his estranged wife) filed with the Internal Revenue Service (IRS) a Form 4868, application for an automatic 4-month extension for filing their income tax return for 1992.

Nevertheless, petitioner failed to file a Federal income tax return for 1992. Respondent received information from third party payers that reflected amounts paid as income to petitioner during 1992. Based on such information, respondent determined petitioner's 1992 tax liability.

Prior to issuance of the notice of deficiency, on July 7, 1995, respondent mailed a letter (30-day letter) to petitioner setting out the proposed deficiency in tax and the additions to tax recited above. In the computations, respondent allowed petitioner the standard deduction of $3,000, a personal exemption of $2,300, and a withholding credit of $351. The 30-day letter informed petitioner that respondent had no record of his filing a return for 1992, that respondent had computed the tax liability based on information provided by payers, that this computation did not give full credit for exemptions or deductions, and that petitioner would have to respond within 30 days from the date of the letter to avoid an assessment based on such computation.

On August 7, 1995, petitioner's attorney mailed respondent a letter purporting to be a written protest (protest) to the

proposed adjustments in the 30-day letter. In this protest, petitioner requested an appeals conference and further asserted that (1) respondent had failed to account for petitioner's deductible losses and business expenses, (2) petitioner was married during 1992, and, therefore, the income from third-party payers was community property income of which only 50 percent was taxable to him, (3) respondent had failed to allow petitioner the correct standard deduction as well as a dependency exemption for his son, (4) respondent had failed to account for an overpayment from petitioner's 1994 tax year that had already been applied toward his proposed deficiency for 1992, and (5) the additions to tax should not be imposed because petitioner's failure to file a return and pay estimated taxes was due to reasonable cause. The protest contained a detailed recitation of facts and legal arguments to support petitioner's assertions; however, very little relevant supporting documentation was submitted with the protest. Specifically, petitioner submitted: (1) A Form 2848, power of attorney; (2) the aforementioned Form 4868, request for a filing extension for 1992; (3) his wife's Federal income tax return for 1992 (filed March 15, 1994); (4) a profit and loss statement that was prepared by the petitioner with regard to his 1992 contract work at Seton Medical Center;[3] (5) two "Notices of

---

[3] Petitioner also reported on this statement that his truck was repossessed by G.M.A.C. during 1992, entitling him to a loss.

Action" from the San Francisco County Department of Social Services approving the aforementioned housing and food assistance for petitioner; and (6) an illegible document purporting to be an acknowledgment by respondent, dated December 20, 1994, of receipt of petitioner's request for an installment arrangement to pay his taxes, with no indication for which year such request was made. No other supporting documentation was submitted with petitioner's protest.

On August 23, 1995, respondent issued the notice of deficiency for petitioner's 1992 tax year for the amounts recited earlier.

On November 27, 1995, petitioner filed a timely petition with this Court. At the time the petition was filed, petitioner's legal residence was San Francisco, California. In his petition, he reasserted allegations similar to those contained in the written protest.

Respondent filed an answer on January 16, 1996. Shortly after the answer was filed, respondent forwarded the case file to respondent's Appeals Office in San Francisco. On February 7, 1996, the appeals officer assigned to the case, Margaret Gerdine (Ms. Gerdine or appeals officer), sent a letter to petitioner's attorney requesting that the parties schedule an informal conference (appeals conference) to discuss the underlying issues of the case, and at which petitioner could present facts and

legal authority to support his asserted positions. Also in this letter, Ms. Gerdine requested that petitioner produce, at such conference, documentation "to establish facts concerning [petitioner's] circumstances that were mentioned in the Tax Court petition" and "to substantiate [petitioner's] filing status, dependent and expenses mentioned in the Tax Court petition."

The appeals conference was held on April 17, 1996. Petitioner's attorney presented documentation supporting the deductions and dependency exemption claimed by petitioner. Petitioner's attorney informed Ms. Gerdine that he had requested additional documentation from third parties and would forward such information to her upon his receipt of the same. Two days later, petitioner's attorney forwarded this additional documentation to Ms. Gerdine, including job descriptions and invoices of payments from the Seton Medical Center to petitioner in 1992.

Based upon the appeals conference and the substantiating documentation submitted by petitioner, the case was settled. In the settlement, petitioner agreed that he had received $31,598 in income during 1992, and that he was entitled to a $3,000 standard deduction for that year. Respondent agreed to allow petitioner (1) a dependency exemption for his son in the amount of $2,300, (2) Schedule C expenses in the amount of $22,059, (3) a loss of $962 resulting from the repossession of his car, and (4) a

casualty loss of $600 resulting from the theft of petitioner's tools. Based on these figures, computational adjustments were made with regard to petitioner's self-employment tax. Respondent conceded that petitioner was not liable for the additions to tax under sections 6651(a)(1) and 6654(a). The revised tax liability as a result of the settlement was $598. Petitioner's withholding from 1992 of $351 coupled with his overpayment from the 1994 tax year of $953 (which was being held by respondent for petitioner's 1992 tax liability) resulted in $1,304 total payments for 1992, thereby creating an overpayment for that year in the amount of $706.

On August 20, 1996, the parties filed a stipulation with the Court reflecting, for the 1992 tax year, the settlement above described. On August 21, 1996, pursuant to the foregoing stipulation, this Court entered an agreed decision in this case that reflected the parties' settlement.

Thereafter, on October 3, 1996, petitioner filed his motion for administrative and litigation costs (motion), seeking a total of $10,307.65 in "reasonable litigation costs"[4] plus additional attorneys' fees to be incurred in prosecution of the motion.

---

[4] The $10,307.65 in "litigation costs" consisted of a filing fee of $60, attorneys' fees and "related costs incurred in preparing the Tax Court petition" of $10,176.25, and "reproduction charges" of $71.40.

As a result of the filing of petitioner's motion, the Court ordered that the decision entered on August 21, 1996, be vacated and set aside, and that the vacated decision be refiled as a stipulation of settlement. Respondent was ordered to file a written response to petitioner's motion. See Rules 232(f), 231(c). In the response, respondent objected to petitioner's motion, contending that respondent's position was substantially justified both in the administrative proceeding and in the Court proceeding.

## Discussion

A taxpayer who substantially prevails in an administrative or Court proceeding may be awarded a judgment for reasonable costs incurred in such proceedings. Sec. 7430(a)(1) and (2). A judgment may be awarded under section 7430 if a taxpayer (1) is the "prevailing party", (2) exhausted the administrative remedies available to the taxpayer within the IRS (if the judgment is for litigation costs), and (3) did not unreasonably protract the proceedings. Sec. 7430(a), (b)(1), (b)(4). A taxpayer must satisfy each of these three requirements to be entitled to a judgment under section 7430. Respondent concedes that petitioner exhausted the administrative remedies available and did not unreasonably protract the proceedings. Therefore, the Court is left to decide whether petitioner was the prevailing party.

To qualify as the "prevailing party", the taxpayer must establish that (1) the position of the United States in the proceeding was not substantially justified,[5] (2) the taxpayer substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented, and (3) the taxpayer satisfies the applicable net worth requirements. Sec. 7430(c)(4)(A). Respondent concedes that petitioner meets the second and third criteria listed above; however, respondent contends that the position taken in both the administrative and litigation aspects of the proceedings was substantially justified. Rule 232(e); Dixson Intl. Serv. Corp. v. Commissioner, 94 T.C. 708, 714-715 (1990); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). Accordingly, the issue is whether "the position of the United States in the proceeding was not substantially justified." Gantner v. Commissioner, 905 F.2d at 245.

In deciding this issue, the Court must first identify the point in time at which the United States is considered to have taken a position and then decide whether the position taken from that point forward was not substantially justified. The "not

---

[5]    In relevant part, the Taxpayer Bill of Rights 2 (TBR2), Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996), amended sec. 7430 to place on the Commissioner the burden of proving that respondent's position in the administrative proceeding and the proceeding in this Court were substantially justified. The provisions of TBR2 are effective only with respect to proceedings commenced after July 30, 1996.

substantially justified" standard is applied as of the separate dates that respondent took a position in the administrative proceeding as distinguished from the proceeding in this Court. Sec. 7430(c)(7)(A) and (B); Han v. Commissioner, T.C. Memo. 1993-386. For purposes of the administrative proceeding, respondent took a position on August 23, 1995, the date of the notice of deficiency. Sec. 7430(c)(7)(B).[6] For purposes of the proceeding in this Court, respondent took a position on January 16, 1996, the date respondent filed the answer. See Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part and revg. in part on other grounds, and remanding T.C. Memo. 1991-144. In this case, respondent's position as of each of these dates was the same. More specifically, respondent's position was that petitioner failed, without reasonable cause, to file a Federal income tax return for 1992, failed to pay estimated taxes, failed to report income earned by him during 1992, and failed to substantiate deductions to which he claimed he was entitled.

---

[6]     Sec. 7430(c)(7)(B) provides that respondent takes a position in an administrative proceeding on the earlier of "the date of the receipt by the taxpayer of the notice of the decision of the [IRS] Office of Appeals" or "the date of the notice of deficiency." No notice of decision of the IRS Appeals Office was ever issued or received by petitioner prior to the date of the notice of deficiency. Therefore, respondent is considered to have taken a position on the date the notice of deficiency was issued.

Whether respondent's position was not substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to the case. Pierce v. Underwood, 487 U.S. 552 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, supra at 565; Powers v. Commissioner, 100 T.C. 457, 470-471 (1993). A position that merely possesses enough merit to avoid sanctions for frivolousness will not satisfy this standard; rather, it must have a "reasonable basis both in law and fact". Pierce v. Underwood, supra at 564-565.

The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." Wasie v. Commissioner, 86 T.C. 962, 969 (1986). The fact that respondent eventually loses or concedes a case does not establish an unreasonable position. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Baker v. Commissioner, 83 T.C. 822, 828 (1984), vacated on other issues 787 F.2d 637 (D.C. Cir. 1986). The reasonableness of respondent's position and conduct necessarily requires considering what respondent knew at the time. Cf. Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

Petitioner argues that respondent's position was not reasonable as a matter of law or fact.  In support of his argument, petitioner claims he was never allowed any administrative consideration of his case prior to issuance of the notice of deficiency, and, therefore, when the notice of deficiency was issued, he was compelled to petition this Court for relief.  Petitioner contends that, "if respondent had not disregarded [his] request for an appeal's office conference, [he] would not have incurred the added costs of preparing the Tax Court petition and subsequent stipulation documents."  He supports this contention by alleging that, after he received the notice of deficiency and filed his petition, he "resubmitted his written protest" at the conference with Ms. Gerdine, and that she thereby "determined that such expenses were adequately documented" and allowed his claimed deductions.[7]  The Court dismisses this argument.  Under section 7430(c)(7), respondent's "position" for purposes of this motion, is not considered first

_____

[7]      Petitioner seems to be suggesting that the documentation he presented to Ms. Gerdine at the appeals conference was identical to that which he had filed with his written protest, and that, if it was sufficient substantiation at the time of the appeals conference, it should have been sufficient as a written protest to prevent the issuance of a notice of deficiency.  The Court does not agree.  It is clear from the record that petitioner's written protest, prior to issuance of the notice of deficiency, consisted of a letter that contained certain statements of fact and arguments of law, and a few documents purporting to support the allegations contained in the letter.  The limited documentary evidence provided was clearly insufficient to substantiate any of the facts claimed in the letter.

taken until the date the notice of deficiency was issued.  The documentary evidence provided to the Internal Revenue before the issuance of the deficiency notice was insufficient.

In Lennox v. Commissioner, 998 F.2d 244 (5th Cir. 1993), revg. in part T.C. Memo. 1992-382, the Fifth Circuit Court of Appeals held that, in determining whether respondent's position is substantially justified on the date of issuance of the notice of deficiency under section 7430(c)(7)(B)(ii), the position must be analyzed in the context of what caused respondent to take the position set out in the notice of deficiency.  The Court reiterated the holdings in Pierce v. Underwood, supra, and Powers v. Commissioner, supra, that respondent's position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person".  However, the Court noted that respondent's position is not substantially justified if, at the time the notice of deficiency is issued, respondent had merely a "suspicion" of the taxpayer's liability, and the opportunity existed for further investigation.

In this case, respondent had a great deal more than a suspicion of petitioner's liability at the time the notice of deficiency was issued.  Respondent had received credible third-party information from payers that petitioner had been the recipient of income during 1992 that he had not reported.  Respondent's records reflected that petitioner had not filed a

return for 1992 and had not made estimated tax payments that year. Petitioner's written protest admitted that he had failed to file a return and make estimated tax payments but did not adequately substantiate with documentary evidence that these failures to file the return were due to reasonable cause. Petitioner admitted further in his written protest that he had received income during 1992 in amounts different from that which respondent calculated in the 30-day letter, but he failed to substantiate with documentary evidence the amounts of income he admitted receiving and failed to provide additional documentary evidence to support the deductions and exemptions to which he claimed he was entitled.

Respondent's position on the date of the notice of deficiency was that petitioner had unreasonably failed to file a Federal income tax return for 1992, had failed to pay estimated taxes, had failed to report income received by him during 1992, and had failed to substantiate deductions and exemptions to which he claimed he was entitled. Respondent's position on that date was clearly justified to a degree that could satisfy a reasonable person, and, thus, respondent was substantially justified in the context of Lennox v. Commissioner, supra, Pierce v. Underwood, supra, and Powers v. Commissioner, 100 T.C. 457 (1993). Consequently, respondent's position on the date the notice of deficiency was issued was substantially justified.

In deciding whether petitioner is entitled to administrative costs, the Court takes into account the information available to respondent from the date the notice of deficiency was mailed and from that point forward through the date respondent's answer was filed in the legal proceeding.  Between the time that the notice of deficiency was mailed and the time respondent's answer was filed, petitioner provided no records or pertinent documentation to respondent.  Accordingly, respondent was substantially justified in maintaining the positions determined in the notice of deficiency, and, therefore, respondent's position in the administrative proceeding was substantially justified.

The Court next addresses the reasonableness of respondent's position in the litigation aspects of the case.  After the petition was filed and before respondent filed the answer, there were no contacts or efforts to settle the case between petitioner and respondent.  At the time the answer was filed, respondent did not have sufficient information to consider that petitioner's claims were properly substantiated.  After respondent filed an answer, an appeals conference was held with petitioner, and, as a result of that conference, the case settled.  On this record, as soon as proper documentation was submitted to respondent by petitioner, at the appeals conference with the appeals officer, respondent allowed petitioner's claimed deductions, conceded that

petitioner was not liable for the additions to tax, and the parties reached a basis for settlement.

For purposes of determining the reasonableness of respondent's position in the answer, the Court considers those facts known to respondent at the time the answer was filed.  At the time the answer was filed, respondent did not have the benefit of the substantiating information petitioner later provided at the appeals conference.  Consequently, the Court holds that respondent's position was reasonable and, therefore, substantially justified at the time the answer was filed. Further, the Court holds that respondent was substantially justified in maintaining the positions taken in the answer up to the time of settlement.  Petitioner, therefore, is not entitled to a recovery of litigation costs.

Since respondent's position was substantially justified in both the administrative and the litigation aspects of this case, it is not necessary to decide the amount of petitioner's reasonable administrative and litigation costs.  Petitioner's motion, therefore, will be denied.

An appropriate order and decision will be entered.