T.C. Memo. 1998-119


UNITED STATES TAX COURT


WILLIAM AND ARLENE G. KINGSTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15409-95.              Filed March 25, 1998.


William and Arlene G. Kingston, pro se.

<u>Elizabeth Flores</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Judge</u>:  This case was assigned to Special Trial Judge
D. Irvin Couvillion pursuant to section 7443A(b)(4)[1] and Rules
180, 181, and 183.  The Court agrees with and adopts the opinion
of the Special Trial Judge, which is set forth below.

---

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code.  All Rule references are to the Tax Court
Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

COUVILLION, Special Trial Judge:  This case is before the Court on petitioners' motion for administrative and litigation costs[2] pursuant to section 7430 and Rule 231.  Neither party requested a hearing, and the Court concludes that a hearing is not necessary for the proper disposition of this motion.  Rule 232(a)(3).  Accordingly, the Court disposes of this motion on the basis of the parties' submissions and the record in the instant case as a whole.  The Court incorporates herein by reference those portions of the opinion on the merits in this case set forth in Kingston v. Commissioner, T.C. Memo. 1997-512, that are relevant to the disposition of this motion.

## Background

On November 17, 1997, the Court issued its opinion on the substantive issues in this case.  The primary issue was whether petitioner husband was "protected from loss", within the meaning of section 465(b)(4), with regard to his investment in a partnership known as Hambrose Leasing 1985-3 (the partnership).  The Court held that petitioner husband was not "protected from loss", within the meaning of section 465(b)(4), with respect to

---

[2]    Although petitioners' motion is styled "Petitioners Motion for Award of Reasonable Litigation Cost", the substance of the motion evidences an intent to move for administrative costs as well as litigation costs.  The Court, therefore, considers the motion accordingly.

this investment, and, thus, petitioners were entitled to loss and investment interest expense deductions claimed on their 1985 and 1986 Federal income tax returns.

## Discussion

A taxpayer who substantially prevails in an administrative or court proceeding may be awarded a judgment for reasonable costs incurred in such proceedings. Sec. 7430(a)(1) and (2). A judgment may be awarded under section 7430 if a taxpayer (1) is the "prevailing party", (2) exhausted the administrative remedies available to the taxpayer within the Internal Revenue Service (IRS),[3] and (3) did not unreasonably protract the proceedings. Sec. 7430(a) and (b)(1), (4). A taxpayer must satisfy each of these three requirements to be entitled to a judgment under section 7430. Respondent concedes that petitioners exhausted the administrative remedies available and did not unreasonably protract the proceedings. Therefore, the Court is left to decide whether petitioners were the prevailing party.

To qualify as the "prevailing party", the taxpayer must establish that (1) the position of the United States in the proceeding was not substantially justified,[4] (2) the taxpayer

---

[3] This requirement does not apply to an award for reasonable administrative costs. Sec. 7430(b)(1).

[4] In relevant part, the Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996), amended sec. 7430 to place on the Commissioner the burden of
(continued...)

substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented, and (3) the taxpayer satisfies the applicable net worth requirements.  Sec. 7430(c)(4)(A).  Respondent concedes that petitioners meet the second and third criteria listed above; however, respondent contends that the position taken in both the administrative and litigation aspects of the proceedings was substantially justified.  Rule 232(e); Dixson Corp. v. Commissioner, 94 T.C. 708, 714-715 (1990); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990).  Accordingly, the issue is whether "the position of the United States in the proceeding was not substantially justified."  Gantner v. Commissioner, 905 F.2d at 245.

In deciding this issue, the Court must first identify the point at which the United States is considered to have taken a position and then decide whether the position taken from that point forward was not substantially justified.  The "not substantially justified" standard is applied as of the separate dates that respondent took a position in the administrative

---

4(...continued)
proving that the Commissioner's position in the administrative proceeding and the proceeding in this Court was substantially justified.  However, the provisions of TBOR 2 are effective only with respect to proceedings commenced after July 30, 1996.  The provisions of TBOR 2 do not apply to this case because petitioners filed their petition on Aug. 14, 1995.  See Maggie Management Co. v. Commissioner, 108 T.C. 430, 441 (1997).

proceeding and in the proceeding in this Court.  Sec.
7430(c)(7)(A) and (B); <u>Han v. Commissioner</u>, T.C. Memo. 1993-386.
For purposes of the administrative proceeding, respondent took a
position on May 19, 1995, the date of the notices of deficiency.
Sec. 7430(c)(7)(B).[5]  For purposes of the proceeding in this
Court, respondent took a position on October 13, 1995, the date
respondent filed the answer.  See <u>Huffman v. Commissioner</u>, 978
F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part and revg. in
part on other grounds and remanding T.C. Memo. 1991-144.  In this
case, respondent's position on each of these dates was the same.
More specifically, respondent's position was that petitioner
husband was "protected from loss", within the meaning of section
465(b)(4), with regard to his investment in the partnership, and,
therefore, petitioners were not entitled to loss and investment
interest expense deductions claimed on their 1985 and 1986
Federal income tax returns.

Whether respondent's position was not substantially
justified turns on a finding of reasonableness, based upon all
the facts and circumstances, as well as the legal precedents

---

[5]    Sec. 7430(c)(7)(B) provides that the Commissioner takes a
position in an administrative proceeding on the earlier of "the
date of the receipt by the taxpayer of the notice of the decision
of the * * * [IRS] Office of Appeals" or "the date of the notice
of deficiency."  No notice of decision of the IRS Appeals Office
was ever issued or received by petitioners before the date of the
notices of deficiency.  Therefore, respondent is considered to
have taken a position on the date the notices of deficiency were
issued.

relating to the case.  Pierce v. Underwood, 487 U.S. 552 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988).  A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, supra at 565; Powers v. Commissioner, 100 T.C. 457, 470-471 (1993), affd. in part and revd. in part 43 F.3d 172 (5th Cir. 1995).  A position that merely possesses enough merit to avoid sanctions for frivolousness will not satisfy this standard; rather, it must have a "reasonable basis both in law and fact".  Pierce v. Underwood, supra at 564-565.

The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." Wasie v. Commissioner, 86 T.C. 962, 969 (1986).  The fact that respondent eventually loses or concedes a case does not establish an unreasonable position.  Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Baker v. Commissioner, 83 T.C. 822, 828 (1984), vacated on other issues 787 F.2d 637 (D.C. Cir. 1986).  The reasonableness of respondent's position and conduct necessarily requires considering what respondent knew at the time.  Cf. Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).  Petitioners have the burden of establishing that respondent's position was unreasonable.  Rule 232(e).  To show lack of substantial

justification, petitioners must demonstrate "that the legal precedent does not substantially support respondent's position given the facts available to respondent."  Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990).

Petitioners argue that respondent's position was not reasonable as a matter of law or fact.[6]  Petitioners contend that respondent ignored the "worst-case scenario" test applied by the Court of Appeals for the Sixth Circuit in Emershaw v. Commissioner, 949 F.2d 841 (6th Cir. 1991), affg. T.C. Memo. 1990-246, and Martuccio v. Commissioner, 30 F.3d 743 (6th Cir. 1994), revg. T.C. Memo. 1992-311, in determining whether a taxpayer is "protected from loss" within the meaning of section 465(b)(4).  Petitioners contend further that respondent erroneously relied on the "economic reality" test applied by the majority of Courts of Appeals in determining whether a taxpayer is "protected from loss" under section 465(b)(4).  Petitioners argue that, since the instant case is appealable to the Court of Appeals for the Sixth Circuit, and the material facts of the substantive issues in the instant case parallel the facts in Emershaw v. Commissioner, supra, and Martuccio v. Commissioner,

---

[6]     In their motion, petitioners do not distinguish between reasonableness "as a matter of law" or "as a matter of fact"; therefore, the Court assumes that petitioners intended to dispute the reasonableness of respondent's position both in law and in fact.  Consequently, the Court treats the two items in conjunction with one another as petitioners have done in their motion.

supra, respondent's position was not supported by the relevant legal precedent based on the facts available to respondent.[7]

Respondent contends that respondent's position did not ignore the "worst-case scenario" standard but, rather, acknowledged that it would apply to the instant case.  Respondent argues that the facts pertinent to the substantive issues in the instant case could be readily distinguished from the facts in Emershaw v. Commissioner, supra, and Martuccio v. Commissioner, supra.  Therefore, respondent contends that respondent's position was substantially supported by legal precedent given the facts available to respondent and, thus, was reasonable as a matter of law and fact.

The Court agrees that respondent acknowledged the "worst-case scenario" test should be applied to the facts of the instant case.  Nevertheless, respondent failed to sufficiently distinguish the facts of the instant case from those in Emershaw v. Commissioner, supra, and Martuccio v. Commissioner, supra, to show that the result reached in the instant case should be different from that in Emershaw and Martuccio.  In fact, in the opinion on the merits herein, this Court found that the sale-

---

[7]     In both Emershaw v. Commissioner, 949 F.2d 841 (6th Cir. 1991), affg. T.C. Memo. 1990-246, and Martuccio v. Commissioner, 30 F.3d 743 (6th Cir. 1994), revg. T.C. Memo. 1992-311, the Court of Appeals held that, under the "worst-case scenario" test, the taxpayers were not "protected from loss" within the meaning of sec. 465(b)(4).

leaseback transaction in the instant case was "indistinguishable" from the sale-leaseback transactions in Emershaw v. Commissioner, supra, and Martuccio v. Commissioner, supra. Although respondent may have acknowledged the application of the "worst-case scenario" test, respondent's position failed to properly apply that test to the facts of the instant case, as clearly mandated by the legal precedent of Emershaw v. Commissioner, supra, and Martuccio v. Commissioner, supra.

In cases with facts similar to those in the instant case and to those in Emershaw v. Commissioner, supra, and Martuccio v. Commissioner, supra, other Courts of Appeals have applied the "economic reality" test and have found that the taxpayers in those cases were "protected from loss" within the meaning of section 465(b)(4). It is the opinion of this Court that, although respondent acknowledged the application of the "worst-case scenario" test in the instant case, the substance of respondent's position indicated that respondent was actually analyzing the facts of the instant case under the reasoning of the "economic reality" test.[8] This was in direct conflict with the legal precedent set by the Court of Appeals for the Sixth Circuit.[9] Respondent was fully aware that, "where the Court of

---

[8] This is readily apparent in respondent's trial memorandum and in respondent's posttrial briefs.

[9] Respondent argues that respondent's position was

(continued...)

Appeals to which appeal lies has already passed upon the issue before us, efficient and harmonious judicial administration calls for us to follow the decision of that court."  <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

### Conclusion

On this record, the Court concludes that respondent's position on the substantive issues in the instant case had no basis in fact or law at the time respondent issued the notices of deficiency or during the litigation of this case.[10]  It follows that respondent's position was not substantially justified either when respondent issued the notices of deficiency or during the litigation herein.  Accordingly, the Court holds that petitioners are entitled to an award for administrative and litigation costs under section 7430.  Petitioners' motion, therefore, will be granted.

---

[9](...continued)
substantially justified because it was supported by <u>Hayes v. Commissioner</u>, T.C. Memo. 1995-151, and <u>Levien v. Commissioner</u>, 103 T.C. 120 (1994), affd. without published opinion 77 F.3d 497 (11th Cir. 1996).  Respondent overlooks the fact that both of these cases applied the "economic reality" test rather than the "worst-case scenario" test, and that neither case was appealable in the Sixth Circuit.

[10]    Both <u>Emershaw v. Commissioner</u>, <u>supra</u>, and <u>Martuccio v. Commissioner</u>, <u>supra</u>, were decided by the Court of Appeals before respondent's issuance of the notices of deficiency.

Since respondent concedes that the amount of administrative and litigation costs claimed by petitioners is reasonable, it is not necessary for the Court to decide the amount of petitioners' reasonable administrative and litigation costs.  The Court holds that petitioners are entitled to reasonable administrative and litigation costs of $2,402, as claimed in their motion. Additionally, this Court has recognized that "'So long as the government's position justifies recovery of fees, any reasonable fees to recover such fees are recoverable.'"  Galedrige Constr., Inc. v. Commissioner, T.C. Memo. 1997-485 (quoting Huffman v. Commissioner, 978 F.2d at 1149).  Thus, the Court holds that the fees incurred by petitioners for their motion for administrative and litigation costs are recoverable.

An appropriate order and
decision will be entered.