T.C. Memo. 2002-42


UNITED STATES TAX COURT


MICHAEL R. OLSEN AND SHEILA OLSEN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5422-00.                    Filed February 12, 2002.


Michael R. Olsen and Sheila Olsen, pro sese.

Christian A. Speck, for respondent.


MEMORANDUM OPINION

DINAN, Special Trial Judge:  Respondent determined a
deficiency in petitioners' Federal income tax of $2,658, and an
addition to tax under section 6651(a)(1) of $495.25, for the
taxable year 1996.  Unless otherwise indicated, section
references are to the Internal Revenue Code in effect for the

year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The sole issue for decision is whether petitioners are entitled to various business expense deductions disallowed by respondent.[1]  Petitioners resided in Sacramento, California, on the date the petition was filed in this case.

During the year in issue, petitioner husband (petitioner) received compensation of $31,358 from the United States Postal Service and $800 from Zears Painting & Decorating, Inc.  He also received nonemployee compensation of $9,445 from Zears. Petitioner wife received nonemployee compensation of $1,200 from Joell's Graphics.  Also during this year, petitioners were involved with Olray Corporation, which was engaged in motorcycle repair.  A Federal income tax return was filed for this corporation for taxable year 1996, reporting gross receipts or sales of $50,262 and a loss of $28,861.  No compensation was reported as paid to officers or employees on the corporation's return.

---

[1]Respondent concedes the disallowance of a $5,589 itemized deduction for casualty and theft losses.  The applicability of the sec. 6651(a)(1) addition to tax for failure to timely file a return was not raised by petitioners as an issue either in the petition or at trial.  We note, however, that the record supports respondent's assertion of the addition to tax because the return was signed on April 10, 1998, and stamped received by the IRS on May 8, 1998.  All of the adjustments otherwise unaddressed (including the correct amount of the addition to tax) are computational and will be resolved by the Court's holding on the issue in this case.

Petitioners filed a joint Federal income tax return for taxable year 1996. With this return, petitioners filed a Schedule C, Profit or Loss From Business. This schedule named petitioners as proprietors of a business ("the Schedule C business") engaged in "Mgt, Consulting, Estimating, Bkpr". Petitioners reported the following amounts on this schedule:

| | | |
|---|---|---|
| Gross receipts or sales | | $10,645 |
| Cost of goods sold | | (500) |
| Expenses | | |
| Advertising | $500 | |
| Bad debts | 500 | |
| Car and truck | 3,053 | |
| Depreciation | 2,446 | |
| Insurance | 250 | |
| Office | 250 | |
| Rent or lease | 1,500 | |
| Repairs and maintenance | 2,000 | |
| Supplies | 250 | |
| Utilities | 240 | |
| Total expenses | | (10,989) |
| Loss | | (844) |

No income was reported on the Schedule C as having been received from Olray Corporation for services rendered by petitioners. In the statutory notice of deficiency, respondent disallowed the deductions for the car and truck, depreciation, and repairs and maintenance expenses.

Petitioners argue that the Schedule C business was engaged in a variety of business activities, one of which was making deliveries for Olray Corporation. Petitioners testified that they maintained separate office space on the premises of Olray Corporation for conducting the activities of the Schedule C business, and that the business ventures were separate and

distinct. The only evidentiary support provided by petitioners for the disallowed deductions relates to the activities conducted for Olray Corporation.

Ordinary and necessary expenses incurred in carrying on a trade or business generally are deductible by the individual engaged in the trade or business. Sec. 162(a).

A taxpayer generally must keep records sufficient to establish the amounts of the items reported on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. However, in the event that a taxpayer establishes that a deductible expense has been paid but that he is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969). As relevant here, section 274(d) provides that, unless the taxpayer complies with certain strict substantiation rules, no deduction is allowable for expenses with respect to

automobiles or other property used as a means of transportation. Sec. 274(d)(4). To meet the strict substantiation requirements, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses. Sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). With respect to the use of automobiles, in order to establish the amount of an expense the taxpayer must establish the amount of business mileage and the amount of total mileage for which the automobile was used. Sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The taxpayer may substantiate the amount of mileage by adequate records or by sufficient evidence corroborating his own statement. Sec. 274(d). A record of the mileage made at or near the time the automobile was used, supported by documentary evidence, has a high degree of credibility not present with a subsequently prepared statement. Sec. 1.274-5T(c)(1), (2), and (3), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioners' exact relationship to the Olray corporation is unclear: Although petitioner testified that he is the president of the corporation, nothing indicates an employment role for petitioner wife, nor was the ownership of the corporation explained. The expenses at issue seem intricately tied to the corporation; thus, it is unclear why petitioners claimed the expenses as deductions on their individual income tax return

rather than on the corporation's return. We note that a corporation is a separate legal entity, and an individual generally may not claim deductions for expenses incurred by a corporation. See <u>Gantner v. Commissioner</u>, 91 T.C. 713, 725 (1988), affd. 905 F.2d 241 (8th Cir. 1990). However, we need not decide whether the deductions were those of the corporation (or possibly employee business expenses) because we hold that petitioners have not substantiated the expenses.

The evidence provided to support the deductions for the expenses in issue is comprised of a summary showing mileage for pickup and delivery of motorcycles, a summary of repairs and maintenance on a truck, and a summary showing the costs associated with a motorcycle for which petitioners claimed depreciation expenses. All of the other evidence provided by petitioners, as well as their testimony, helps to establish that they were involved in the business of Olray Corporation but does not provide adequate substantiation of any specific expenses.[2]

We find the mileage summary to be insufficient substantiation under section 274(d) because the mileage amounts were not entered at the time the vehicle was used and because they were based on figures in a computer atlas database rather

---

[2]Petitioners filed an amended Federal income tax return for taxable year 1996, but the return was not accepted by respondent. This return, which was introduced as evidence, merely contains uncorroborated assertions by petitioners and does not provide substantiation for any of the amounts in issue.

than actual odometer readings.  We find the summary of truck repairs and maintenance to be insufficient substantiation because the underlying records were not produced and because petitioners have not shown the percentage of business versus personal use of the truck as required by section 274(d).  Finally, we find the summary of motorcycle costs to be insufficient substantiation because it was based solely upon recollection and was not supported by other reliable evidence.

Because petitioners have not substantiated the amounts of the expenses in issue, we sustain respondent's disallowance of the deductions therefor.

To reflect the foregoing,

Decision will be entered

under Rule 155.