Peter C. **FILICE, Jr.,** and Jane F. **Filice, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C–84–6854–WWS.**

United States District Court, N.D. California.

Nov. 20, 1985.

Peter R. Stromer, Los Gatos, Cal., for plaintiffs.

Jay R. Weill, Asst. U.S. Atty., San Francisco, Cal., for defendant.

### ORDER

SCHWARZER, District Judge.

Plaintiffs, the prevailing party in a tax refund action, have moved for an award of $5,000 in attorney's fees pursuant to 26 U.S.C. § 7430(a). For the reasons stated, the motion is denied.

*Procedural and Factual Background*

Plaintiffs filed their complaint on October 19, 1984, seeking a tax refund of $2,418.11. The complaint alleged the IRS had wrongfully disallowed deductions claimed on plaintiffs' 1980 and 1981 tax returns; the deductions were for contribu-

tions to an organization called North Star Ministries. In 1978, the IRS had revoked North Star's tax exempt status and this revocation was apparently the basis for the disallowance of plaintiffs' deductions.

On November 30, 1984, the IRS reinstated North Star's exempt status, retroactive to 1973. The United States Attorney contends he did not know of this IRS ruling at the time his office filed the government's answer on December 26, 1984, and that he did not learn of the ruling until January 23, 1985. On March 28, 1985, the government notified plaintiffs' counsel that it conceded the case, which was subsequently dismissed by court order, after stipulation, on June 4, 1985. Plaintiffs filed their present motion for attorney's fees on August 30, 1985. The government's opposing papers were filed September 16, 1985.

*Discussion*

A. *Plaintiffs Have Failed to Comply With Local Rule 270–1.*

The government has raised Local Rule 270–1 as a defense to plaintiffs' motion. Local Rule 270–1 states, in pertinent part:

Applications for awards of attorneys' fees by the court shall be served and filed within 60 days of entry of judgment terminating the action with respect to which services were rendered.

The present action was terminated on June 4, 1985, by court order approving a stipulation for dismissal signed by the parties. The sixty day period to file for attorney's fees under Local Rule 270–1, as computed according to Fed.R.Civ.Proc. 6(a), expired August 5, 1985. Plaintiffs' motion was filed August 30, 1985, twenty-five days late.

B. *Plaintiffs Have Failed to Substantiate the Fees Claimed.*

In *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), the Ninth Circuit adopted guidelines for determining reasonable attorney's fees which require, among other factors, an examination of the "time and labor required."

"The failure to consider such factors constitutes an abuse of discretion." *Id.* at 70. *See also* Local Rule 270-2 (setting forth the necessary criteria for establishing a claim for attorney's fees, including "a statement of the services rendered by each person for whose services fees are claimed together with a summary of the time spent by each person ...").

■ Plaintiffs have not substantiated their claim for fees in any way. They simply make the bare allegation that "Plaintiffs incurred attorney fees of five thousand dollars ..." (Plaintiffs' Motion, Decl. of P. Stromer at 2). Thus they have failed to satisfy both the *Kerr* guidelines and Local Rule 270-2.

### C. *Plaintiffs Have Not Satisfied the Requirements of Section 7430.*

Prevailing parties in tax actions may be awarded attorney's fees under 26 U.S.C. § 7430(a). This section states, in pertinent part:

In the case of any civil proceeding which is—

(1) brought ... against the United States in connection with the determination, collection, or refund of any tax ... and

(2) brought in a court of the United States ..., the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

"Reasonable litigation costs" is defined in § 7430(c)(1) to include reasonable attorney's fees, among other costs. "Prevailing party" is defined in § 7430(c)(2)(A) to mean "any party ... which—(i) establishes that the position of the United States in the civil proceeding was unreasonable and (ii)(I) has substantially prevailed with respect to the amount in controversy, ..." In addition, § 7430(b)(2) requires that "[a] judgment for reasonable litigation costs shall not be awarded ... unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service."

Thus plaintiffs may be awarded attorney's fees under section 7430 if:

(1) they substantially prevailed in the action;

(2) they have exhausted their administrative remedies; and

(3) the government's position in the proceeding was unreasonable.

■ The last element involves a "reasonableness" standard essentially the same as that used in 28 U.S.C. § 2412, the Equal Access to Justice Act. *See Wolverton v. Heckler,* 726 F.2d 580 (9th Cir.1984) (§ 2412 involves a "reasonableness" standard); *Kaufman v. Egger,* 584 F.Supp. 872, 877 n. 1 (D.Me.1984) (there is no "dispositive difference" between the § 2412 and § 7430 "reasonableness" tests).

### 1. *Plaintiffs have substantially prevailed in the action.*

Plaintiffs have clearly prevailed in the action; they received refund checks totalling $2,757.22 on May 30, 1985, in satisfaction of the amount claimed in the complaint, including interest.

### 2. *It is unclear whether plaintiffs have exhausted their administrative remedies.*

Plaintiffs have not alleged in their motion that they have exhausted their administrative remedies. On the other hand, the government does not contend in its opposition papers that plaintiffs have failed to exhaust them. In *Hallam v. Murphy,* 586 F.Supp. 1 (N.D.Ga.1983), the plaintiff's action for fees under § 7430 was not barred for failure to exhaust administrative remedies where the government did not establish this fact.

### 3. *The government's conduct was not unreasonable.*

Plaintiffs claim the government's position in the case was unreasonable in that prior to the filing of its answer to plaintiff's complaint ..., the government knew or should have known that plaintiff's charitable contributions which had

been disallowed by the IRS, ... had in truth and in fact been made to a bona fide qualified donee organization ...

(Plaintiffs' Points and Authorities at 2).

Thus the issues presented in plaintiffs' motion are: 1) Was it unreasonable for the U.S. Attorney not to have ascertained, prior to filing the government's answer, that the IRS had reinstated North Star's tax exempt status? 2) If not, was it unreasonable for the government to wait until March 28, 1985, to finally concede, two and a half months after it learned of the IRS policy change?

### a. *Was the late discovery of North Star's reinstated tax exempt status unreasonable?*

The IRS reinstated North Star's tax exempt status on November 30, 1984, retroactive to 1973. The U.S. Attorney filed the government's answer to plaintiffs' complaint on December 26, 1984 and did not learn of the IRS ruling until January 23, 1985.

■ This one and a half month delay in discovering the IRS ruling does not seem unreasonable for two reasons. First, the ruling occurred during the holiday season and thus a communication lag between the IRS and the U.S. Attorney was understandable. Second, the government is entitled to a reasonable period for discovery. *See, e.g., Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir.1984) ("The government should not be compelled to decide immediately upon service of the complaint whether to concede or pursue the case. The Justice Department is entitled to the time reasonably necessary to receive and review the Service's files."); *Potlatch Corp. v. United States*, 679 F.2d 153, 156 (9th Cir. 1982) (Government's delay in pursuing discovery was reasonable where U.S. Attorney first had to secure file from IRS; "Bureaucratic delay and red tape ... cannot be ignored."); *Alspach v. District Dir. of Internal Revenue*, 527 F.Supp. 225, 229 (D.Md.1981) (Government entitled to time necessary to receive and review IRS files). *But see Spencer v. N.L.R.B.*, 712 F.2d 539, 555 n. 58 (D.C.Cir.1983) (dicta) ("if the

government does not immediately accede to the plaintiff's demand, but instead initially opposes his claims and then at some later stage ... surrenders, the United States will be liable for attorneys' fees....").

### b. *Was the government unreasonable in taking 2½ months to concede?*

The two and a half month delay between the time the U.S. Attorney learned of the IRS ruling (January 23, 1985) and the time the plaintiff was informed that the government conceded (March 28, 1985) does not appear to be unreasonable for the following reasons. First, the government has explained that the delay was due to the fact that the Department of Justice had to approve concession of the case. (*See* Government's Opposition; Decl. of J. Weill at 2).

Second, the two and a half month delay is well-within the bounds found permissible by other courts. *See, e.g., White v. United States*, 740 F.2d 836, 841–42 (11th Cir.1984) (3 month delay in conceding case not unreasonable); *Ashburn*, 740 F.2d at 850–51 (5 months); *Hill v. United States*, 3 Cl.Ct. 428 (1983) (4 months); *Clark v. United States*, 3 Cl.Ct. 194 (1983) (6 months); *Grace Baptist Church v. United States*, 1 Cl.Ct. 258 (1982) (6 months). *Compare Rawlings v. Heckler*, 725 F.2d 1192 (9th Cir.1984) (one year delay unreasonable); *Ashburn*, 740 F.2d at 850–51 (dicta) (delay of "years" would be unreasonable); *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081 (2d Cir.1983) (seven month delay unreasonable). *But see Spencer*, 712 F.2d at 555 n. 58 (dicta) (any delay is unreasonable where government later concedes).

Finally, although it is impossible to tell with certainty whether plaintiffs' counsel worked on the case between January 23, 1985 and March 28, 1985 because he has not submitted any time records, it appears from the court file that little activity occurred in the case during this period; plaintiffs only filed a Status Conference Certificate between those dates. Moreover, it is important to note that any harm to plain-

tiffs caused by the delay was mitigated to an extent by the interest they received on their refund money for this period.

The motion is therefore denied.

IT IS SO ORDERED.