ESTATE OF HELEN S. WALL, DECEASED, KATHRYN H. BARTH, PERSONAL RREPRESENTATIVE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT *

Docket No. 15311–91.                    Filed March 7, 1994.

*Gordon H. Smith, Jr.*, for petitioner.
*J. Paul Knap*, for respondent.

SUPPLEMENTAL OPINION

NIMS, *Judge*: The parties have previously been before this Court, and we have issued our opinion on that matter in *Estate of Wall v. Commissioner*, 101 T.C. 300 (1993). We incorporate our opinion by this reference. Petitioner has timely filed a motion for an award of reasonable administrative and litigation costs pursuant to Rule 231 and section 7430.

All Rule references are to the Tax Court Rules of Practice and Procedure and, except as otherwise noted, all section references are to sections of the Internal Revenue Code in effect at all times relevant to this case.

The facts of this case are set forth in detail in *Estate of Wall v. Commissioner, supra*. Following is a summary of the key facts. Decedent had established three irrevocable trusts. Each trust agreement named an independent corporate trustee. Each trust agreement also provided that decedent could remove the independent corporate trustee and replace

---

* See *Estate of Wall v. Commissioner*, 101 T.C. 300 (1993).

it with another corporate trustee as long as it was independent from decedent. Except for the right to add assets, decedent retained no other power over, or interest in, the trusts.

The trust agreements provided that the trustee had the sole discretion to make distributions of principal and income until final distribution of the trusts. The sole issue for our determination was whether the property held by the three irrevocable inter vivos trusts created by decedent was includable in her gross estate under either section 2036(a)(2) or section 2038(a)(1). We held the trust assets were not required to be included in decedent's gross estate.

In its motion, petitioner argues that respondent's position was not substantially justified because it was speculative and not supported by case law. Petitioner cites *Anderson v. United States*, 91–2 USTC par. 50,503, (S.D. Ohio 1991), as authority for its proposition. That case involved the Government's claim that corporate directors are per se responsible persons under section 6672. The District Court held in effect that there was no colorable argument that the Government could have made to support this proposition, and concluded that the Government's position was not substantially justified. We do not consider *Anderson* apposite to the case before us.

Respondent maintained the position that the trust assets were includable in decedent's gross estate in reliance upon Rev. Rul. 79–353, 1979–2 C.B. 325, and cases cited therein, and argued that the decedent could have controlled the corporate trustee by the mere fact that she had the power to replace it. Respondent argues that her position was substantially justified at all times because it had a reasonable basis in fact and law. Respondent also asks us to consider the fact that *Estate of Wall v. Commissioner, supra*, was a case of first impression. Respondent argues that she would be placed in an awkward position if she had to risk liability for costs and fees pursuant to section 7430 every time she attempted to establish a precedent in an uncharted area of law.

Respondent further argues that situations lacking direct precedents can be clarified only by test cases, in which the arguments of both sides, based upon their reasonable interpretations of the law, are presented.

Section 7430(a) provides that, in any court proceeding brought by or against the United States, the "prevailing party" may be awarded reasonable litigation costs. A taxpayer is a prevailing party only if it is established that: (1) The position of the United States in the proceeding was not substantially justified; (2) the taxpayer substantially prevailed with respect to the amount in controversy or with respect to the most significant issue presented; and (3) the taxpayer met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) (1988) on the date the petition was filed. Sec. 7430(c)(4)(A). In addition to being a prevailing party, it must also be established that administrative remedies available within the Internal Revenue Service have been exhausted and that the taxpayer did not unreasonably protract the proceeding. Sec. 7430(b)(1), (4).

Respondent agrees that petitioner (1) has substantially prevailed with respect to the amount in controversy and with respect to the most significant issue in the action; (2) has met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B); (3) has exhausted the administrative remedies available; and (4) has not unreasonably protracted the administrative or judicial proceedings.

The issue remaining for our consideration is whether respondent's position in this litigation was substantially justified. Petitioner bears the burden of proving that respondent's position was not substantially justified. Rule 232(e).

The U.S. Court of Appeals for the Seventh Circuit has addressed "substantially justified" in *Wilfong v. United States*, 991 F.2d 359 (7th Cir. 1993). The court said:

we are mindful that the government's position can be justified even if ultimately rejected by the court or jury. The government's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." * * * [*Id.* at 364 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).]

In *Estate of Wall v. Commissioner*, 101 T.C. 300 (1993), we held that Rev. Rul. 79–353, *supra*, was not supported by the case law cited therein and relied upon by respondent. One case, *Corning v. Commissioner*, 24 T.C. 907 (1955), affd. per curiam 239 F.2d 646 (6th Cir. 1956), dealt with an income tax issue, the resolution of which may have been reversed

sub silentio by subsequent legislation, and in any event the income tax and the estate tax are not to be construed in pari materia. An additional case, *Van Beuren v. McLoughlin*, 262 F.2d 315 (1st Cir. 1958), at best addressed in dictum the issue addressed by the ruling, and did so indirectly. Although respondent's cited case law for her position did not persuade us to rule in her favor, it cannot be said that her position was not substantially justified.

Respondent also maintained that decedent could control the corporate trustee by threatening to replace it for not complying with her wishes. We refused to entertain this notion by stating that a trustee has the duty to act in the sole interest of the beneficiary.

This was a case of first impression, and respondent's position was not contrary to any published decision. Nor could a reasonable person say that it lacked colorable justification. We find no legal basis for holding that respondent's position was not "substantially justified".

In view of the foregoing, respondent's position was "substantially justified" for purposes of section 7430, and consequently petitioner is not entitled to administrative and litigation costs under section 7430.

*An appropriate order and decision will be entered.*