ESTATE OF ROBERT W. GOREE, JR., DECEASED, ROBERT W. GOREE, ADMINISTRATOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Goree v. Commissioner
Docket No. 21098-92
United States Tax Court
T.C. Memo 1994-542; 1994 Tax Ct. Memo LEXIS 547; 68 T.C.M. (CCH) 1068; October 27, 1994, Filed *547 For petitioner: Alan E. Rothfeder and Jo Karen Parr. For respondent: Robert W. West, John B. Harper, Shuford A. Tucker, Jr., and Harve M. Lewis. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: This matter is before us on petitioner's motion for award of administrative and litigation costs pursuant to Rule 231 and section 7430. [1] On July 20, 1994, we issued our opinion in Estate of Goree v. Commissioner, T.C. Memo. 1994-331, in which we held, inter alia, that the partial disclaimers executed on behalf of decedent's minor children met the requirements of section 2518(b). The findings of fact set forth in our prior opinion are incorporated into this Memorandum Opinion by reference. Respondent opposes petitioner's motion on the grounds that: (1) Petitioner has not met its burden of proving respondent's position in the litigation was not substantially justified; (2) petitioner has not proved that the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) (1988) have been met as required by section 7430(c)(4)(A)(iii); and (3) petitioner's claimed costs are not reasonable. Petitioner has the burden of proof with *548 regard to all issues relating to its claim for litigation costs. Rule 231; Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). Petitioner contends that respondent's position in the instant litigation was not substantially justified because respondent misinterpreted the Supreme Court's decision in Commissioner v. Estate of Bosch, 387 U.S. 456 (1967), by arguing that we were required to make a de novo review of the proceeding in the Alabama Probate Court and by contending that the Probate Court judge misapplied Alabama law. We disagree with petitioner's contention and find that respondent's position was substantially justified. The test of whether respondent's position was substantially justified is a test of *549 reasonableness.[2]Sokol v. Commissioner, 92 T.C. 760, 763-764 n.7 (1989); Vanderpol v. Commissioner, 91 T.C. 367 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). A determination of reasonableness must be based on all the facts and circumstances. Sher v. Commissioner, supra at 84-85 (citing H. Rept. 97-404, at 12 (1981), the legislative history to the original enactment of section 7430 in the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292(a), 96 Stat. 324, 572-574)). In Wilfong v. United States, 991 F.2d 359 (7th Cir. 1993), the Court of Appeals for the Seventh Circuit held that "The government's position is substantially justified 'if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Id. at 364 (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). In Estate of Wall v. Commissioner, 102 T.C. 391 (1994), *550 we denied the taxpayer's motion for an award of reasonable administrative and litigation costs on the grounds that respondent's position in the underlying litigation was such that no "reasonable person [could] say that * * * [respondent's position] lacked colorable justification". Id. at 394. We also stated that it "was a case of first impression, and respondent's position was not contrary to any published decision". Id. We, therefore, concluded that the Commissioner's position was substantially justified for purposes of section 7430(c)(4)(A)(i). Moreover, we have held that the Commissioner's position was substantially justified when the law regarding a particular legal issue was unsettled. See Bouterie v. Commissioner, T.C. Memo. 1993-510; Ward v. Commissioner, T.C. Memo. 1991-444; Blanco Investments & Land, Ltd. v. Commissioner, T.C. Memo. 1988-175. *551 Respondent's position in the instant proceeding was reasonable, especially in light of the fact that no record or transcript of the Probate Court proceeding was maintained. Although we held in our prior opinion that Commissioner v. Estate of Bosch, supra, did not necessarily require us to review the Probate Court proceeding de novo, we conclude that petitioner would not have satisfied its burden of proof in the absence of a record or other evidence of what transpired in the Probate Court proceeding. Had petitioner not offered the testimony of those persons who participated in the Probate Court proceeding at trial, we would not have had a record from which we could decide whether the Probate Court judge's decision to permit the partial disclaimers was plainly and palpably erroneous. We think that even the Supreme Court of Alabama, had it been required to review the Probate Court judge's decision, would have remanded the case to the lower court to make a record sufficient for it to review. Respondent's position in the instant case was reasonable, taking into account the fact that there was no record to support petitioner's position that the Probate *552 Court judge did not abuse his discretion in allowing the disclaimers by decedent's minor children. Consequently, we hold that respondent's position was substantially justified. Our holding that respondent's position was substantially justified obviates the need for us to decide whether petitioner has met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) (1988) and whether petitioner's claimed costs were reasonable. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section and Code references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The fact that respondent loses or concedes the case does not, by itself, establish that respondent's position was unreasonable. Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189; Coastal Petroleum Refiners v. Commissioner, 94 T.C. 685, 689 (1990); Sokol v. Commissioner, 92 T.C. 760, 767↩ (1989).