T.C. Memo. 1997-77


UNITED STATES TAX COURT


ESTATE OF HELEN G. WILLIAMSON, DECEASED,
DOUGLAS F. WOODS, EXECUTOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20857-94.                    Filed February 12, 1997.


Wendy Abkin, for petitioner.

Elizabeth L. Groenewegen, for respondent.


MEMORANDUM OPINION

KÖRNER, Judge:  This case is before the Court on petitioner's motion to recover administrative and litigation costs pursuant to section 7430 and Rule 231.[1]  The opinion in

---

[1]  All section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this case on the substantive issues was issued on September 19, 1996, as T.C. Memo. 1996-426.

Section 7430(a) provides that the prevailing party may be awarded a judgment for (1) reasonable administrative costs incurred in connection with an administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with a court proceeding.  Congress enacted section 7430 in the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292(a), 96 Stat. 572, and, as relevant to the present case, amended the statute by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239(a), 102 Stat. 3342, 3743-3747, applicable to proceedings commenced after November 10, 1988.[2]

A judgment for costs may be awarded under section 7430(a) only if, among other requirements, a taxpayer (1) is the "prevailing party", and (2) where the taxpayer seeks litigation costs, has exhausted the administrative remedies available to the taxpayer within the Internal Revenue Service, and (3) does not unreasonably protract the proceedings.  Sec. 7430(a), (b)(1), (4).

---

[2]  Sec. 7430 was amended most recently by the Taxpayer Bill of Rights 2, Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464, applicable to proceedings commenced after July 30, 1996.  However, the parties do not dispute that sec. 7430 as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239(a), 102 Stat. 3342, 3743-3747, is applicable.

In order to qualify as the "prevailing party", a taxpayer must establish: (1) The position of the United States in the proceeding is not substantially justified; (2) the taxpayer has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented; and (3) the taxpayer satisfies the applicable net worth requirements. Sec. 7430(c)(4)(A); sec. 301.7430-5(a), Proced. & Admin. Regs.

Finally, if a taxpayer qualifies as a prevailing party, only administrative and litigation costs that are reasonable may be awarded. Sec. 7430(a), (c)(1) and (2). These requirements are in the conjunctive; i.e., petitioner must satisfy each of the requirements to be entitled to reasonable litigation and administrative costs. Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

We begin with whether respondent's position was substantially justified. Petitioner bears the burden of proving that respondent's position was not substantially justified. Sec. 7430(c)(4)(A)(I); Rule 232(e); Ganter v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990); Dixson Corp. v. Commissioner, 94 T.C. 708, 714-715 (1990). A position is "substantially justified" if the position is "justified to a degree that could satisfy a reasonable person". Pierce v. Underwood, 487 U.S. 552, 565 (1988).

We examine here whether the Commissioner's position was not substantially justified. Respondent took a position in the

administrative proceeding when she issued the notice of deficiency to petitioner. Sec. 7430(c)(7)(B). Respondent took a position in this proceeding when the Court filed respondent's answer herein. Sec. 7430(c)(7)(A); Sher v. Commissioner, 89 T.C. 79 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Ordinarily, we consider the reasonableness of each of these positions separately. Huffman v. Commissioner, 978 F.2d 1139, 1144-1147 (9th Cir. 1992), affg. in part, revg. in part, and remanding on another issue T.C. Memo. 1991-144. In the instant setting, however, when these positions are the same, we evaluate their reasonableness together.

Whether the Commissioner's position was not substantially justified turns on the finding of reasonableness, based on the facts and circumstances of the case, as well as on any legal precedents that may relate thereto. Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182; Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688-696 (1990). We ask ourselves "whether * * * [the Commissioner] knew or should have known that her position was invalid at the onset". Nalle v. Commissioner, supra at 191.

As related in our principal opinion herein, this estate secured a 6-month extension of time until September 30, 1988, for filing its Federal estate tax return because of an ongoing dispute between the estate and decedent's surviving husband regarding the nature, amount, and valuation of assets that were

returnable in decedent's Federal estate tax return.  Pursuant to the extension of time granted, the Federal estate tax return was timely filed on September 30, 1988.  Attached to that return was a copy of the request for extension of time originally made, and that request contained an explanation and justification for granting the extension of time.  At the time the return was filed, the controversy between decedent's estate and decedent's surviving husband still continued and was not settled until at least January 14, 1991.  As a result, the estate tax return that was filed herein did not include a large volume of assets, which was one subject of respondent's deficiency notice herein.

Exactly when respondent became aware of the quantity and value of the assets that had been omitted from petitioner's Federal estate tax return is unclear in this record.  However, on September 21, 1994, more than 3 years after the return was filed, but less than 6 years thereafter, respondent issued the statutory notice of deficiency that has been contested herein.  There is no evidence that any amended estate tax return was filed by petitioner.

In the controversy between petitioner and respondent, both at the administrative level and in the proceeding before this Court, respondent took the position that, since the omission of assets from the return as filed was in excess of 25 percent of the gross estate, the applicable period of limitations was

extended to 6 years under section 6501(e)(2), and the notice of deficiency that was sent was therefore timely.

On the other hand, petitioner contended that the explanation that was attached to the request for extension of time, a copy of which was attached to the return when filed, was a clear notification of the omitted assets that was disclosed in the return, or in a statement attached thereto, and should have put the Commissioner on notice of the omission, thereby eliminating the 6-year period of limitations and reverting the period of limitations to the basic 3 years under section 6501(a).

In this matter, we held that the notification by petitioner to respondent contained in the original application for extension of time, and repeated in the Federal estate tax return when filed, constituted an adequate written notice within the meaning of section 6501(e)(2). This decided the statute of limitations matter in favor of petitioner. Nevertheless, we emphasized then, and we repeat now, that no estate tax cases have been found interpreting section 6501(e)(2), and we can find no regulation or case authority that would offer either support or opposition for petitioner's position or for respondent's position.

Accordingly, we conclude that petitioner has failed to show that respondent was not substantially justified in taking the position that attaching a copy of the request for extension of time to the return as filed was an inadequate compliance with the requirements of section 6501(e)(2). We held contrary to

respondent's position on the statute of limitations question, but we are not prepared to say that respondent was not substantially justified in urging that position. See <u>Estate of Wall v. Commissioner</u>, 102 T.C. 391, 394 (1994).

Because we have held that petitioner has not proven that respondent's position was not substantially justified, we need not address the other requirements provided in section 7430. Therefore,

<u>An appropriate order and decision will be entered</u>.
