T.C. Memo. 2000-383


UNITED STATES TAX COURT


MID-DEL THERAPEUTIC CENTER, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

D. RICHARD ISHMAEL, M.D., PC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 9060-97, 9270-97.    Filed December 19, 2000.


<u>Bruce A. Moates</u> and <u>LeRoy D. Boyer</u>, for petitioners.

<u>Elizabeth Downs</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  These cases are before the Court on
petitioners' motion for award of litigation and administrative

costs[1] filed pursuant to section 7430 and Rule 231.[2]  Petitioners

seek to recover litigation costs of $44,456 incurred in

contesting respondent's deficiency determinations in docket No.

9060-97 for the taxable year ended April 30, 1995, and in docket

No. 9270-97 for the taxable year 1995.

The issues for decision are whether respondent's position at

trial was substantially justified and, if not, whether the

attorney's fees and other costs that petitioners seek to recover

are reasonable in amount.  Neither petitioners nor respondent

requested an evidentiary hearing, and the Court concludes that

such a hearing is not necessary for the proper disposition of

petitioners' motion.  See Rule 232(a)(2).

## Background

Petitioner Mid-Del Therapeutic Center, Inc. (Mid-Del), and

petitioner D. Richard Ishmael, M.D., PC (PC), are Oklahoma

corporations, each of which operates an oncology clinic in the

Oklahoma City metropolitan area.  On the dates the petitions in

these consolidated cases were filed, Mid-Del's principal place of

business was in Midwest City, Oklahoma, and PC's principal place

---

[1]Although the title of the motion referred to administrative costs, petitioners claimed only litigation costs in the motion. Consequently, our discussion is limited to petitioners' claim for litigation costs.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

of business was in Oklahoma City, Oklahoma. Dr. D. Richard Ishmael, an oncologist, owns 100 percent of the stock of both Mid-Del and PC. PC is Dr. Ishmael's personal service corporation, and Mid-Del is a subchapter C corporation owned and managed by Dr. Ishmael.

During the relevant periods, petitioners operated medical clinics that purchased and used chemotherapy drugs (drugs) to treat patients with cancer and other illnesses. PC maintained an onsite pharmacy where the drugs purchased by both PC and Mid-Del were stored and where a pharmacist employed by PC mixed and prepared chemotherapy treatments for both clinics. Petitioners used approximately 85 different drugs to treat patients.

With the exception of Mid-Del's Federal income tax return for the taxable year 1993, both Mid-Del and PC used the cash method of accounting (cash method) for income tax purposes and consistently reported the drugs used in patient treatments as supplies and not as inventory. Mid-Del's 1993 return, which originally was filed using the accrual method of accounting (accrual method), was amended to report income and expenses on the cash method after a revenue agent determined on audit that Mid-Del was required to use the cash method. It was a customary and accepted practice in the health care industry for health care practitioners to use the cash method.

By notices of deficiency dated April 23, 1997, respondent determined deficiencies of $140,025 and $211,979 in Mid-Del's and PC's Federal income taxes, respectively. The crux of the deficiencies was respondent's determination, made pursuant to section 446(b), that petitioners must use an accrual method to compute their taxable income.

By separate petitions, petitioners commenced their cases in this Court, and the cases were consolidated for trial. Respondent argued at trial that the drugs used to treat patients were merchandise, the purchase and sale of which were income-producing factors in petitioners' businesses, and that petitioners, therefore, were required by section 1.471-1, Income Tax Regs., to use the accrual method to compute their taxable income. Petitioners asserted that the drugs were supplies used in the course of treating patients and that section 1.471-1, Income Tax Regs., was inapplicable.

Section 446(b) vests the Commissioner with broad discretion to determine whether a particular method of accounting clearly reflects income. See Knight-Ridder Newspapers, Inc. v. United States, 743 F.2d 781, 788 (11th Cir. 1984); Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 370 (1995). In reviewing the Commissioner's determination that a taxpayer's method of accounting does not clearly reflect income, the function of the Court is to decide whether the Commissioner

abused his discretion in making that determination under section 446(b). See RCA Corp. v. United States, 664 F.2d 881, 886 (2d Cir. 1981). Consequently, at trial, petitioners had the burden of proving that respondent's determination was arbitrary, capricious, or without sound basis in fact or law. See Knight-Ridder Newspapers, Inc. v. United States, supra.

After these cases were tried but before the opinion was issued, the Court's opinion was filed in Osteopathic Med. Oncology & Hematology, P.C. v. Commissioner, 113 T.C. 376 (1999), which presented facts strikingly similar to those involved in the present cases. In Osteopathic Med. Oncology & Hematology, P.C., a taxpayer, specializing in the treatment of cancer through chemotherapy, used the cash method to expense the cost of drugs used during treatments. The Commissioner argued that the drugs were merchandise under section 1.471-1, Income Tax Regs., and, therefore, the taxpayer had to use the accrual method to report income and costs attributable to the drugs. This Court held that the drugs were not merchandise and that the taxpayer properly used the cash method to expense the cost of the drugs and report income. Osteopathic Med. Oncology & Hematology, P.C., was not appealed, and the decision became final on April 7, 2000. See secs. 7481(a)(1), 7483; cf. Fed. R. App. P. 13(a).

In Mid-Del Therapeutic Ctr., Inc. v. Commissioner, T.C. Memo. 2000-130 (Mid-Del I), we held that respondent's

determination, requiring petitioners to change from the cash method to the accrual method, was arbitrary, capricious, or without sound basis in fact or law.  In so doing, we relied heavily on <u>Osteopathic Med. Oncology & Hematology, P.C.</u> Petitioners thereafter filed their motion seeking to recover litigation costs.

<u>Discussion</u>

In general, section 7430[3] provides for the award of reasonable litigation costs to a taxpayer who: (1) Is the prevailing party in a court proceeding brought against the United States involving the determination of any tax, interest or penalty pursuant to the Internal Revenue Code; (2) has exhausted his or her administrative remedies within the IRS; and (3) did not unreasonably delay or protract the court proceedings. Respondent concedes that petitioners exhausted their administrative remedies and that they did not unreasonably delay or protract these proceedings.

To be a prevailing party, a taxpayer must satisfy the applicable net worth requirement and must substantially prevail

---

[3]Sec. 7430 as most recently amended by Congress in the IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3101, 112 Stat. 685, 727, applies to that portion of the claimed costs incurred after Jan. 18, 1999.  Sec. 7430 as amended by the Taxpayer Relief Act of 1997, Pub. L. 105-34, secs. 1285, 1453, 111 Stat. 788, 1038, 1055, applies to that portion of the claimed costs incurred on or before Jan. 18, 1999.

with respect to either the amount in controversy or the most significant issue or set of issues presented.  See sec. 7430(c)(4)(A).  Respondent concedes that petitioners have substantially prevailed and that they meet the applicable net worth limitation but argues that his litigating position was substantially justified.  If respondent can establish that the position taken in Mid-Del I was substantially justified, then petitioners fail to qualify as prevailing parties.  See sec. 7430(c)(4)(B).  In deciding whether to award reasonable costs, therefore, we address only the issue of whether respondent's position was substantially justified.

The Commissioner's position is substantially justified if the Commissioner acted reasonably in pursuing his litigating position on the basis of all of the facts and circumstances and the applicable legal precedents.  See Pierce v. Underwood, 487 U.S. 552, 564 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988).  Although the Commissioner's litigating position may have been incorrect in hindsight, it is substantially justified "if a reasonable person could think it correct".  Pierce v. Underwood, supra at 566 n.2. The fact that the Commissioner eventually loses a case does not establish that the position was unreasonable.  See Anthony v. United States, 987 F.2d 670, 674 (10th Cir. 1993); Sokol v. Commissioner, 92 T.C. 760, 767 (1989).  We decide whether the

Commissioner's position was reasonable by examining applicable facts and circumstances at the time he asserted his position in the answer and during the trial. See Maggie Management Co. v. Commissioner, 108 T.C. 430, 443 (1997).

Petitioners contend that the decision of this Court in Mid-Del I, which held that respondent's determination was arbitrary, capricious, or without sound basis in fact or law, necessarily leads to a conclusion that respondent's position at trial was unreasonable. In support of this assertion, petitioners rely on Mauerman v. Commissioner, T.C. Memo. 1995-237 (Mauerman II), which held that a failure by the Commissioner to waive an addition to tax was unreasonable. Respondent argues that Mauerman II does not stand for the proposition for which it is cited by petitioners and that respondent's litigating position was reasonable.

In Mauerman v. Commissioner, T.C. Memo. 1993-23, revd. 22 F.3d 1001 (10th Cir. 1994) (Mauerman I), the issue that was litigated was whether the taxpayer should be subject to additions to tax under section 6661(a). At trial, the taxpayer had the burden of proving that the Commissioner's imposition of the additions to tax was arbitrary, capricious, or without sound basis in fact or law. This Court upheld the additions to tax and decided that the Commissioner had not abused his discretion. The Court of Appeals for the Tenth Circuit reversed the decision of

this Court, holding that the Commissioner's determination to impose the additions to tax was arbitrary, capricious, or without sound basis in fact or law and remanded for further proceedings. On remand, the taxpayer filed a motion for litigation costs.

In Mauerman II, the taxpayer contended that the determination of the Court of Appeals that the Commissioner's failure to waive the addition to tax was an abuse of his discretion necessarily led to a conclusion that the Commissioner's position was unreasonable and urged us to grant the taxpayer's motion for reasonable litigation costs. Although we agreed with the taxpayer's conclusion that the Commissioner's litigating position in Mauerman I was unreasonable under the circumstances involved there, we recognized the possibility that a different conclusion might be reached in other cases. We explained our position as follows:

> In Mauerman I, we stated that, in order to prevail on the addition to tax issue, "petitioner must show * * * that respondent's refusal to waive is an abuse of discretion." In reversing our decision, the Court of Appeals agreed with petitioner * * * that the Commissioner should have waived the addition to tax. The question before us, then, is whether respondent was substantially justified in defending, in the instant litigation, an administrative determination that was held by the Court of Appeals to be an abuse of discretion; i.e., arbitrary, capricious, or without sound basis in fact. <u>While there may be other situations where such a holding would not necessarily determine that respondent was not substantially justified, our review of the record in the instant case persuades us that petitioner has carried his burden in that respect</u>.

Accordingly, on the basis of the record in the instant case, we conclude that respondent's position was not substantially justified. [<u>Mauerman v. Commissioner</u>, T.C. Memo. 1995-237; emphasis added.]

Mauerman II does not stand for the blanket proposition, asserted by petitioners, that, if this Court finds that the Commissioner's determination is arbitrary, capricious, or without sound basis in fact or law, it necessarily follows that his litigating position cannot be substantially justified.  Rather, Mauerman II acknowledges that there may be situations in which the Commissioner's litigating position in support of a determination is substantially justified even though the determination ultimately is held to be arbitrary, capricious, or without sound basis in fact or law.  We must decide whether this is one of those situations.

Respondent contends that this case presents one of the "other situations" contemplated in Mauerman II.  In respondent's objection to petitioners' motion for award of litigation and administrative costs filed June 13, 2000, respondent summarizes his position as follows:

> Whenever respondent determines a taxpayer's method of accounting does not clearly reflect income, the standard of review is abuse of discretion. <u>Thor Power Tool Co. v. Commissioner</u>, 439 U.S. 522, 532 (1979); <u>Cole v. Commissioner</u>, 586 F.2d 747, 749 (9th Cir. 1978), affg. 64 T.C. 1091 (1975).  The Court's conclusion that a change in accounting method was unwarranted requires a finding that the Commissioner abused his discretion; however, the record does not support a finding that respondent had no factual or

legal basis for his position.  Moreover, it is clear that there was no existing legal authority that would have made respondent's arguments under sections 446 and 471 unreasonable since, at least until the issuance of Osteopathic Medical, the pivotal issue in this case, whether oncology drugs administered by health care providers constituted merchandise, was an issue of first impression.  Accordingly, unlike Mauerman, the record in this case does not warrant a determination that respondent's position was not substantially justified.

Respondent urges us, as we did in Stieha v. Commissioner, 89 T.C. 784, 790-791 (1987), to allow respondent a reasonable amount of time following adverse litigation on an issue of first impression to adjust his litigating position before we determine that his litigating position warrants an award of costs under section 7430.  Respondent points out that the decision in Osteopathic Med. Oncology & Hematology, P.C. v. Commissioner, 113 T.C. 376 (1999), became final on April 7, 2000, just 4 days before the opinion in the instant case was rendered.  Twenty-one days after the decision in Osteopathic Med. Oncology & Hematology, P.C. became final, the Commissioner issued an action on decision acquiescing in that case as to result only.  See Action on Decision 2000-005 (Apr. 28, 2000).

Respondent's litigating position at trial in Mid-Del I flowed from his conclusion that the drugs purchased and used by petitioners were merchandise and an income-producing factor in their businesses.  In support of this position, respondent argued that the drugs were tangible products that were purchased by

petitioners and consumed by the patients, that the cost of the drugs was significant, and that the permissible charges for the drugs were listed separately on bills submitted by petitioners to third-party insurers. Respondent relied on the seminal case of Wilkinson-Beane, Inc. v. Commissioner, 420 F.2d 352 (1st Cir. 1970), affg. T.C. Memo. 1969-79,[4] for the proposition that the drugs were merchandise. See also Tebarco Mechanical Corp. v. Commissioner, T.C. Memo. 1997-311; Thompson Elec., Inc. v. Commissioner, T.C. Memo. 1995-292; J.P. Sheahan Associates., Inc. v. Commissioner, T.C. Memo. 1992-239; Surtronics, Inc. v. Commissioner, T.C. Memo. 1985-277; Epic Metals Corp. & Subs. v. Commissioner, T.C. Memo. 1984-322, affd. without published opinion 770 F.2d 1069 (3d Cir. 1985).

Our evaluation of the facts and circumstances presented by Mid-Del I, as well as the legal environment from which respondent's litigating position evolved, leads us to the conclusion that respondent's litigating position in Mid-Del I was substantially justified. See Stieha v. Commissioner, supra at 790-791. The issue of whether drugs used in treating patients

---

[4]In Wilkinson-Beane, Inc. v. Commissioner, 420 F.2d 352 (1st Cir. 1970), affg. T.C. Memo. 1969-79, the Court of Appeals for the First Circuit held that caskets sold by service-oriented businesses were merchandise even though the caskets were not held for sale in the traditional retail context. The taxpayer was a funeral home that sold caskets as part of the funeral services it provided to customers.

constituted merchandise in the context of whether the accrual method must be used was an issue of first impression on which no court had ruled until we filed our opinion in Osteopathic Med. Oncology & Hematology, P.C. v. Commissioner, supra. The Commissioner generally is not subject to an award of litigation costs under section 7430 where the underlying issue presents a question of first impression. See TKB Intl., Inc. v. United States, 995 F.2d 1460, 1468 (9th Cir. 1993); Estate of Wall v. Commissioner, 102 T.C. 391 (1994). Moreover, the Commissioner has been granted considerable discretion, by statute, to determine whether a method of accounting clearly reflects income. See sec. 446; Don Casey Co. v. Commissioner, 87 T.C. 847, 862 (1986). Before our decision in Osteopathic Med. Oncology & Hematology, P.C., Wilkinson-Beane, Inc. v. Commissioner, supra, and its progeny provided at least a colorable factual and legal basis for the Commissioner's conclusion that drugs used in treating patients constituted merchandise, thereby requiring petitioners to use the accrual method.[5]

---

[5]The earlier determination made by a revenue agent, that the cash method should have been used by Mid-Del on its 1993 Federal income tax return, has no bearing on the decision that the position taken by respondent at trial was substantially justified. Although a presumption of unreasonableness exists if the Commissioner argues a position in the administrative proceeding that is contrary to any applicable published guidance of the Commissioner, an initial determination by a revenue agent does not qualify as guidance that leads to such a presumption.

(continued...)

Petitioners argue in the alternative that respondent was not substantially justified with regard to other issues that we did not find necessary to address in Mid-Del I.  On brief, in Mid-Del I, petitioners argued that even if the drugs were merchandise petitioners could continue to use the cash method.  We need not address the substantive issue involved in this argument but only whether the position taken by respondent at trial in response to it was substantially justified.

Respondent's position at trial was that section 1.471-1, Income Tax Regs., mandates that if petitioners maintain inventories, then petitioners may not use the cash method unless petitioners demonstrate that the cash method produces a substantially identical result to that produced by the accrual method.  In support of this argument, respondent relied on Asphalt Prods. Co. v. Commissioner, 796 F.2d 843, 848 (6th Cir. 1986), affg. in part and revg. in part Akers v. Commissioner, T.C. Memo. 1984-208, revd. in part on other grounds 482 U.S. 117 (1987); Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. at

---

[5](...continued)
See sec. 7430(c)(4)(B)(ii); sec. 301.7430-5, Proced. & Admin. Regs.  Furthermore, the Commissioner is not estopped from attempting to change a method of accounting approved in earlier years if, in later years, the Commissioner concludes that method does not clearly reflect income.  See Thomas v. Commissioner, 92 T.C. 206, 225-226 (1989); Ezo Prods. Co. v. Commissioner, 37 T.C. 385, 391 (1961).

377; and <u>Addison Distribution, Inc. v. Commissioner</u>, T.C. Memo.
1998-289.  Respondent's litigating position was substantially
justified under the circumstances.

We hold, therefore, that respondent has established that his
litigating position challenging petitioners' method of accounting
in Mid-Del I was substantially justified because respondent's
challenge was reasonable given the facts and circumstances of
petitioners' cases and the applicable law.  Accordingly,
petitioners are not entitled to recover litigation costs.  In
light of our ruling, we need not decide whether the costs claimed
by petitioners are reasonable.

We have considered carefully all remaining arguments made by
petitioners for a result contrary to that expressed herein, and,
to the extent not discussed above, we consider them to be
irrelevant or without merit.

To reflect the foregoing,

<u>Appropriate orders and</u>

<u>decisions will be entered</u>.