T.C. Memo. 2012-235

UNITED STATES TAX COURT

ELTON S. DA SILVA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

MARILDA F. DA SILVA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11859-10, 11903-10.          Filed August 13, 2012.

Allen Duane Webber, Daniel V. Stern, and Ryan J. Kelly, for petitioners.

Jeffrey E. Gold and Scott A. Hovey, for respondent.

MEMORANDUM OPINION

HALPERN, Judge: These consolidated cases are before the Court on

petitioners' motions for award of reasonable litigation and administrative costs

[*2] (motions).[1]  The procedural predicate for the motions is as follows:

Respondent separately determined deficiencies in Federal income tax with respect to petitioners Marilda F. Da Silva and Elton S. Da Silva for tax years 2004-07 and 2005-07, respectively, on the basis, in part, that each had omitted from gross income certain wage income received, as employees of the Embassy of Brazil, from the Brazilian Aeronautical Commission (commission).  Each petitioner assigned error to respondent's determination principally on the ground that, as a foreign (Brazilian) citizen and an employee of the Embassy of Brazil, his or her wages were exempt from Federal income tax under section 893(a), which exempts from income taxation compensation of certain employees of foreign governments.  Respondent answered, denying error, but, before trial, he conceded that the wages in question were exempt from tax.  The parties filed stipulations of resolved issues.  Subsequently, petitioners made the motions.  The dates of the aforementioned actions are as follows:

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

| [*3]    Action | Ms. Da Silva No. 11903-10 | Mr. Da Silva No. 11859-10 |
|---|---|---|
| Notice of deficiency | Feb. 23, 2010 | Feb. 23, 2010 |
| Petition | May 24, 2010 | May 24, 2010 |
| Answer | July 7, 2010 | July 14, 2010 |
| Notification of concession | Oct. 21, 2010 | Apr. 29, 2011 |
| Stipulation of resolved issues | Aug. 1, 2011 | July 28, 2011 |
| Motion for costs | Aug. 16, 2011 | Aug. 16, 2011 |

The issue for decision is whether respondent's position in both cases was "substantially justified" within the meaning of section 7430(c)(4)(B)(i). We hold that it was.

## Background

The facts and issues in these cases are sufficiently identical to the facts and issues in Newman v. Commissioner, T.C. Memo. 2012-74, also involving employees of the commission, that we refer readers to that report for a fuller discussion of the pertinent background of these similar cases. Here, we shall highlight certain issues, dates, and events that merit discussion. Petitioners resided in Maryland when they filed the petitions.

**[\*4]** Section 893

If certain conditions are met, section 893(a) excludes from gross income and exempts from taxation compensation of certain employees of foreign governments and international organizations. In the case of an employee of a foreign government, one condition is that the foreign government reciprocate that treatment for employees of the United States performing similar services in the foreign country. Sec. 893(b). Until his concessions in these cases, respondent's position was that section 893(b), which requires the U.S. Secretary of State to certify to the Secretary of the Treasury the names of the foreign countries that reciprocate, is a prerequisite for exemption under section 893(a). Because the Secretary of State did not, until February 27, 2009, certify that Brazil satisfied the foregoing condition, respondent determined deficiencies in tax for the years at issue.

Abdel-Fattah v. Commissioner and Aftermath

In April 2010, we held in Abdel-Fattah v. Commissioner, 134 T.C. 190 (2010), that section 893(b) is not a prerequisite for exemption under section 893(a).

On November 22, 2010, the Chief Counsel of the Internal Revenue Service published an action on decision (AOD) with respect to Abdel-Fattah, advising that

**[*5]** "the Service will no longer take the position that the certification required by the Secretary of State in I.R.C. § 893(b) is a prerequisite for the tax exemption provided for in I.R.C. § 893(a)."  AOD 2010-04 (Nov. 22, 2010).

In October 2010, before the issuance of, but consistent with the position taken in, the AOD, respondent reviewed whether petitioners met the requirements of section 893(a) and, finding the requirements satisfied, conceded both cases.  On October 21, 2010, he communicated his decision to Ms. Da Silva.  On account of an oversight related to moving offices, however, he did not notify Mr. Da Silva of his concession until April 2011.

On July 28, 2011, Mr. Da Silva and respondent filed a stipulation of resolved issues, and, on August 1, 2011, Ms. Da Silva and respondent filed a stipulation of resolved issues.  The stipulations resolved all issues but for petitioners' respective claims for litigation and administrative costs.

Petitioners made the motions on August 16, 2011.  Each motion requests an award for fees incurred during the administrative and litigation proceedings.

Discussion

I.    Introduction

Section 7430 provides that a taxpayer may recover reasonable costs, including attorney's fees, incurred in connection with any tax proceeding

**[\*6]** (administrative or judicial) against the United States if the taxpayer is the prevailing party in the proceeding.  To recover costs, the taxpayer must, among other things, establish:  (1) he is the prevailing party, (2) he has exhausted the administrative remedies available to him, (3) he did not unreasonably protract the proceedings, and (4) the amount of the costs requested is reasonable.  See sec. 7430(a), (b), and (c).  He will not be treated as a prevailing party if the Commissioner establishes that his position in the proceeding was substantially justified.  Sec. 7430(c)(4)(B)(i).

The parties join issue on whether petitioners incurred any costs associated with their respective administrative and judicial proceedings and whether respondent's position was substantially justified.  Since we find that respondent's position was substantially justified, neither petitioner is the prevailing party, and we need not consider whether either incurred any costs.

As evidence that respondent's position in these cases was not substantially justified, petitioners point to the fact that the Commissioner lost in Abdel-Fattah, failed to appeal his loss, and, by the AOD, conceded his error in insisting that section 893(b) certification is a prerequisite to section 893(a) relief.  Respondent argues that his position in these cases was substantially justified because, before his loss in Abdel-Fattah, in the absence of contrary judicial precedent or other

**[*7]** contrary guidance, his position that section 893(b) was a prerequisite to section 893(a) relief was reasonable and following the decision in <u>Abdel-Fattah</u>, he conceded the cases in a reasonable time.

II.     <u>Substantial Justification</u>

The Commissioner's position is substantially justified if, considering all the facts and circumstances of the case, he acted reasonably; that is, if his position had a reasonable basis in both law and fact.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 563 (1988); <u>Sher v. Commissioner</u>, 89 T.C. 79, 84 (1987), <u>aff'd</u>, 861 F.2d 131 (5th Cir. 1988).  The relevant inquiry is whether the Commissioner knew or should have known that his position was invalid when adopted, given the facts available and any legal precedent related to the case.  <u>Nalle v. Commissioner</u>, 55 F.3d 189, 191 (5th Cir. 1995), <u>aff'g</u> T.C. Memo. 1994-182; <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. 430, 443 (1997); <u>Prouty v. Commissioner</u>, T.C. Memo. 2002-175.  Eventual concession or loss of a case does not establish that the Commissioner's position was unreasonable, but a concession is a factor to be considered.  <u>Sokol v. Commissioner</u>, 92 T.C. 760, 767 (1989).  The U.S. Supreme Court has warned that courts must "resist the understandable temptation to engage in <u>post</u> <u>hoc</u> reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must

**[*8]** have been unreasonable or without foundation." <u>Christiansburg Garment Co. v.</u>
<u>EEOC</u>, 434 U.S. 412, 421-422 (1978).

"Generally, the Commissioner's position is considered substantially justified
when an issue is one of first impression." <u>Vines v. Commissioner</u>, T.C. Memo.
2006-258 (citing <u>TKB Int'l, Inc. v. United States</u>, 995 F.2d 1460, 1468 (9th Cir.
1993)).  In particular, a position is substantially justified when it is "a case of first
impression," it is "not contrary to any published decision", and a "reasonable person
[could not] say that it lacked colorable justification." <u>Estate of Wall v.</u>
<u>Commissioner</u>, 102 T.C. 391, 394 (1994).  The mere fact that a case is one of first
impression, however, will not establish substantial justification when the
Commissioner's position conflicts with the "clear and unequivocal" language of the
statute such that his interpretation of that statute is clearly unreasonable. <u>Nalle v.</u>
<u>Commissioner</u>, 55 F.3d at 193.

III.   <u>Newman v. Commissioner</u>

In <u>Newman v. Commissioner</u>, T.C. Memo. 2012-74, a Memorandum Opinion
of the Court, we considered arguments similar, if not identical, to the parties'
arguments here.  We considered whether the Commissioner's position was
substantially justified during two phases of the <u>Newman</u> case:  pre-<u>Abdel-Fattah</u> and
post-<u>Abdel-Fattah</u>.

**[*9]** With respect to the first (pre-<u>Abdel-Fattah</u>) phase, we stated:

> Since the legal issues in <u>Abdel-Fattah</u> and petitioners' cases were the same (i.e., whether section 893(b) is a prerequisite for exemption under section 893(a)), the position that the IRS took in <u>Abdel-Fattah</u> is indicative of its position in petitioners' cases. Accordingly, if the IRS's arguments in <u>Abdel-Fattah</u> were reasonable, then its position in petitioners' cases was also reasonable, at least until the time that we issued our Opinion in <u>Abdel-Fattah</u>. That case raised an issue of first impression. Although we did not ultimately agree with the IRS's position, that position had a colorable justification, based on its arguments as to (i) policy objectives and (ii) the proximity of subsections (a) and (b) of section 893.

The same can be said here, and we adopt and incorporate our discussion in <u>Newman</u> concerning policy and the proximity of subsections (a) and (b) of section 893. Our conclusion in <u>Newman</u> with respect to the first phase is also appropriate to this case: "Since the IRS's position in <u>Abdel-Fattah</u> was colorable, it was also substantially justified. <u>See</u> <u>Estate of Wall v. Commissioner</u>, 102 T.C. at 394; <u>see also</u> <u>Nalle v. Commissioner</u>, 55 F.3d at 193-194. Since the IRS's position in <u>Abdel-Fattah</u> and its position in petitioners' cases were the same, the IRS's pre-<u>Abdel-Fattah</u> position in petitioners' cases was substantially justified."

With respect to the second (post-<u>Abdel-Fattah</u>) phase, we stated:

> When <u>Abdel-Fattah</u> was issued, the situation changed. The issue was no longer one of first impression, and the IRS's position was now contrary to a published Opinion, thus making the IRS's position newly susceptible to the criticism that it lacked substantial justification. It took several months * * * after the decision in <u>Abdel-</u>

**[\*10]** <u>Fattah</u> for the IRS to concede these cases, and petitioners argue that the IRS's position was not substantially justified during these periods. However, we find the IRS's post-<u>Abdel-Fattah</u> handling of these cases reasonable--and we therefore find its position substantially justified * * * [.]

Again, the same can be said here. The Commissioner needed sufficient time to concede the section 893(b) issue. Our Opinion in <u>Abdel-Fattah</u> was issued on April 27, 2010. On October 21, 2010, and April 29, 2011--i.e., 6 and 12 months later--respondent's counsel informed Ms. Da Silva and Mr. Da Silva, respectively, that respondent would concede the section 893(b) issue. We view that as a reasonable amount of time for the IRS to reconsider its position and concede that issue. It is important to note that because of necessary Rule 155 computations, this Court did not enter its decision in <u>Abdel-Fattah</u> until July 12, 2010. Taking into account that parties have 90 days to appeal an adverse decision, the Opinion did not become final until October 10, 2010, making the period between a final decision and respondent's eventual concessions, at least for Ms. Da Silva, very short indeed.

In the case of Mr. Da Silva, we recognize that 12 months could be seen as excessive and therefore not reasonable. According to respondent, the delay was only the result of inadvertence stemming from an office move. This alone does not excuse such a delay. However, during the additional six months between

**[\*11]** when respondent decided to concede the case in October of 2010 and when he finally communicated that to petitioner in April of 2011, there was no harm. The Court docket reflects no activity during that time, and Mr. Da Silva's counsel did not provide any services during that period. Thus, on the facts before us, and in the absence of any activity, that amount of time was reasonable. See Filice v. United States, 621 F. Supp. 1184, 1187 (N.D. Cal. 1985) (noting the lack of activity in the case when determining the reasonableness of delay).

IV.    Conclusion

As in Newman, since we have determined that respondent was substantially justified in both his pre-Abdel-Fattah and post-Abdel-Fattah positions, petitioners were not prevailing parties for purposes of section 7430(c)(4). Accordingly, petitioners are not entitled to an award of costs under section 7430.

Appropriate orders and

decisions will be entered.